No. 2--02--0491                  

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF    ) Appeal from the Circuit

ILLINOIS,    ) Court of De Kalb County.

    )

Plaintiff-Appellee,    )

    )

    ) No. 01--CF--330

    )

DEMETRIUS GLENN,    ) Honorable

    ) Douglas R. Engel,

Defendant-Appellant.    ) Judge, Presiding.

JUSTICE GROMETER delivered the opinion of the court:

Following a bench trial in the circuit court of De Kalb County, defendant, Demetrius Glenn, was convicted of six counts of drug-related offenses stemming from the delivery of cocaine and heroin within 1,000 feet of a church.  Three counts were related to the delivery of less than one gram of a substance containing cocaine to an undercover officer, and the other three were related to delivery of less than one gram of a substance containing heroin.  Defendant was sentenced to 10 years' imprisonment.  Defendant now appeals, alleging three errors.  First, he contends that trial counsel was ineffective for failing to move for the disclosure of an informant until after defendant testified at trial.  Second, he argues that several of the counts of which he was convicted should be vacated because they are lesser included offenses and that multiple convictions violate the one-act, one-crime rule.  Third, he asserts that he was not properly admonished regarding how to preserve sentencing errors for appeal.  We agree with the latter two contentions; therefore, we affirm in part, vacate in part, and remand.  Because the issues raised by defendant are discrete, we will discuss the evidence as it pertains to his arguments.

I. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant first argues that trial counsel was ineffective for failing to move for the disclosure of a police informant until after the trial had commenced.  Defendant raised an entrapment defense.  See 720 ILCS 5/7--12 (West 2000); 
People v. Placek
, 184 Ill. 2d 370, 380-81 (1998).  Defendant contends that he was entrapped by a woman he knew who was acting as an informant for the police.  Defendant testified that he met the woman through his sister a short time before the incident leading to his arrest.  The woman seemed to be attracted to defendant, and they "partied" together.  Defendant testified that, on May 17, 2001, the date of the incident, the woman preyed on his attraction to her to induce him to procure drugs for Mark Nachman.  She told defendant that Nachman was her brother.  Nachman was, in fact, an undercover police officer.  

According to defendant, the woman accompanied him and Nachman on the day of the incident.  Before asking him to get drugs for Nachman, she joked with defendant, hugged him, and kissed him.  She then directed defendant to places where drugs could be acquired.  They were unable to obtain drugs at the first two locations, but were successful in obtaining crack cocaine at the third.  Defendant testified that he made no profit on the transaction; however, he did ask Nachman if he could keep a piece of cocaine, which he intended to smoke later.  He acknowledged that the heroin was his and that he had acquired it before meeting Nachman that day.  He denied having anything to do with the cutting or testing of the drugs.  Defendant testified that he had stopped dealing drugs prior to the day of the incident.  He acknowledged that he had a previous conviction of unlawful delivery of a controlled substance
 and also admitted prior drug use
.  Nachman asked defendant if he could contact defendant again, and defendant replied affirmatively.  In resolving this issue, for reasons that we will explain below, we will accept defendant's version of the facts, as well as other evidence favorable to him adduced from other sources.  We note that the testimony of the State's witnesses differed significantly from defendant's.

Defendant argues that he received ineffective assistance of counsel because his attorney failed to seek to ascertain the identity of the informant and to present her testimony at trial.  To establish a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's errors, a reasonable probability exists that the result of the proceeding would have been different.  
Strickland v. Washington
, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984); 
People v. Davis
, 205 Ill. 2d 349, 364 (2002).  A reasonable probability is one sufficient to undermine confidence in the result of the proceeding.  
People v. Morris
, 335 Ill. App. 3d 70, 84 (2002).  A claim of ineffective assistance of counsel may be disposed of on the prejudice prong of the test without first addressing whether counsel's performance was deficient.  
People v. Johnson
, 128 Ill. 2d 253, 271 (1989).  The burden is on the defendant to establish prejudice.  
People v. Richardson
, 189 Ill. 2d 401, 411 (2000).  We conclude that defendant has not sustained this burden.

As defendant raised the defense of entrapment, we must assess counsel's alleged ineffectiveness in terms of how it could have affected this defense.  Defendant's claim of entrapment is based upon the informant's use of his attraction to her, which, defendant asserts, allowed the informant to manipulate him into obtaining drugs.  Entrapment requires that a defendant show both that the State improperly induced him or her to commit a crime and that he or she was not otherwise predisposed to commit the offense.  
Placek
, 184 Ill. 2d at 380-81.  In resolving this appeal, we will focus on the issue of predisposition.  Several factors are relevant in assessing predisposition in drug cases, including the following: (1) the defendant's initial reluctance or willingness to commit the crime; (2) the defendant's familiarity with drugs; (3) the defendant's willingness to accommodate the needs of drug users; (4) the defendant's willingness to profit from the offense; (5) the defendant's current or prior drug use; (6) the defendant's participation in cutting or testing the drugs; and (7) the defendant's ready access to a supply of drugs.  
Placek
, 184 Ill. 2d at 381. 

Defendant faces a major hurdle in his attempt to establish prejudice.  As he acknowledges, the record does not disclose what the informant's testimony would have been.  This alone would normally be enough to defeat defendant's claim.  See
 
People v. Holman
, 132 Ill. 2d 128, 167 (1989) (rejecting ineffectiveness claim where counsel failed to call a witness and there was nothing in the record indicating that the witness's testimony would be favorable to the defendant); 
People v. Markiewicz
, 246 Ill. App. 3d 31, 47 (1993).  Defendant argues, nevertheless, that "[t]he very failure to investigate and prepare for trial in a case where the informant is so pivotal should constitute the requisite prejudice."  We do not agree.  Prejudice simply cannot be presumed under ordinary circumstances (
Johnson
, 128 Ill. 2d at 271), and defendant's request, in essence, is that we presume prejudice from counsel's conduct.  Furthermore, defendant's reliance on 
People v. Woods
, 139 Ill. 2d 369 (1990), is misplaced.  In that case, the court found prejudice despite having only limited detail regarding the potential testimony of an undisclosed informant.  
Woods
, 139 Ill. 2d at 384-85.  We note that the burdens of proof in 
Woods
 and this case are dramatically different.  In 
Woods
, the burden was on the State to demonstrate that the error in question was harmless beyond a reasonable doubt.  
Woods
, 139 Ill. 2d at 382, citing 
Chapman v. California
, 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824 (1967).  Here, the burden is on defendant to show a reasonable probability that a different result would have been obtained.  In the absence of information, the burden of proof is typically dispositive.

Defendant also attempts to show prejudice by asserting that the testimony of the informant may have corroborated his testimony and contradicted that of Nachman.  As such, it might have enhanced defendant's credibility and diminished Nachman's.  This argument is highly speculative, given that we do not know how the informant would have testified, and does not show any real probability that the result of the trial would have been different.  See 
Holman
, 132 Ill. 2d at 167.  Moreover, assuming, 
arguendo
, that the informant would have testified in the manner defendant suggests, his entrapment defense still would have failed.  To demonstrate this, we will accept defendant's testimony as true and consider the issue of predisposition.

The first factor we must consider when assessing whether a defendant was predisposed to commit an offense, such that an entrapment defense is unavailable, is the defendant's reluctance or willingness to commit the crime.  
Placek
, 184 Ill. 2d at 381.  At trial, defendant testified that he had stopped dealing drugs prior to May 17, 2001.  Nachman and the informant approached him on that day, and he told the two that he was done with dealing drugs.  Defendant testified that he was initially unwilling to help them get drugs.  However, shortly after introducing defendant and Nachman, the informant asked if defendant could "score" for her, and he replied "sure."  Additionally, defendant told Nachman he could call defendant again.  At best, this is extremely weak evidence of reluctance.  Although he initially stated he was no longer dealing, he quickly agreed to assist the two to acquire drugs.

Second, defendant's familiarity with drugs was well established.  
Placek
, 184 Ill. 2d at 381.  He acknowledged that he had used crack cocaine in the past and that he had previously been convicted of delivery of a controlled substance.  He also testified that he was in possession of heroin prior to meeting Nachman.  

Third, his willingness to accommodate the needs of other users is demonstrated by the same facts that go to the first prong of the test.  
Placek
, 184 Ill. 2d at 381.  Upon being asked by the informant to "score," he agreed.  Moreover, he at least accompanied Nachman and the informant to the source and actually went in to make the purchase.  He told the officer that it was all right to call him in the future.  Additionally, he testified that he might have intended to give the piece of crack he got from Nachman to someone else to smoke.

The fourth factor is whether defendant was willing to profit from the offense.  
Placek
, 184 Ill. 2d at 381.  Defendant did not receive any monetary profit from the transaction.  However, he did ask for and receive a piece of crack cocaine.  While this is minimal evidence of a willingness to profit, it does weigh against defendant.

Fifth, we must consider defendant's prior and current drug use.  
Placek
, 184 Ill. 2d at 381.  He wanted a piece of crack to smoke, and he acknowledged having been a user.  He also was in possession of heroin prior to meeting Nachman on the day of the incident.

The sixth factor to consider is whether defendant participated in cutting or testing the drugs.  
Placek
, 184 Ill. 2d at 381.  He did not.  This factor would seem to weigh heavily in favor of predisposition where a defendant does participate in cutting or testing.  However, its absence does not necessarily militate strongly for an opposite conclusion, particularly where, as here, there was no opportunity for defendant to engage in such actions.

Finally, the seventh factor is whether defendant had ready access to a supply of drugs.  We note that defendant had heroin before his encounter with Nachman, which he presumably got from somewhere.  Further, he stated that Nachman could call him again, indicating that he would be able to provide drugs in the future.

In sum, only the first and sixth factors weigh in favor of defendant.  As explained above, given the circumstances of this case, neither is very compelling.  Regarding the first, defendant apparently displayed some reluctance to help Nachman obtain drugs; however, even on defendant's own testimony, this reluctance was minimal.  Perhaps the sixth could be dispositive in a close case, but it is insufficient to prevail on its own.  As the trial court noted, "the fact that [defendant] was trying to impress a girl by getting her cocaine certainly is not entrapment."  Beyond the fact that the informant "preyed" on his attraction to her, defendant points to nothing to sustain his claim of entrapment, and he even acknowledges, "I wouldn't actually say she talked me into it."

Accordingly, we find that, assuming that counsel's performance was deficient in failing to move for disclosure of the informant's identity in a timely fashion, defendant has not shown that he suffered prejudice as a result.  Defendant cannot, therefore, make out a claim of ineffective assistance of counsel.  
Johnson
, 128 Ill. 2d at 271.

II. WHETHER ALL SIX CONVICTIONS CAN STAND

Defendant next argues that he was improperly convicted of six drug-related offenses as a result of his encounter with Nachman.  Count I charged that defendant committed the offense of unlawful delivery of cocaine.  720 ILCS 570/401(d) (West 2000).  Count II alleged that defendant delivered cocaine within 1,000 feet of a church.  720 ILCS 570/407(b)(2) (West 2000).  Count III alleged that defendant possessed less than 15 grams of a substance containing cocaine.  720 ILCS 570/402(c) (West 2000).  Count IV charged that defendant delivered a substance containing heroin.  720 ILCS 570/401(d) (West 2000).   Count V alleged that defendant delivered heroin within 1,000 feet of a church.  720 ILCS 570/407(b)(2) (West 2000).  Count VI charged defendant with possession of less than 15 grams of a substance containing heroin.  720 ILCS 570/402(c) (West 2000).  Defendant contends that counts I, III, IV, and VI  are, in fact, lesser included offenses in the crime of delivery of a controlled substance within 1,000 feet of a church.  720 ILCS 570/407(b)(2) (West 2000).  Thus, according to defendant, they must be vacated.  The State does not contest defendant's argument as it pertains to count VI.

In determining whether these offenses must be vacated, the first step is to inquire as to whether defendant's conduct constituted separate acts or a single act.  
People v. Rodriguez
, 169 Ill. 2d 183, 186 (1996).  If the conduct compromised more than one act, the next step is to determine whether any of the offenses that defendant was convicted of constitute lesser included offenses.  
Rodriguez
, 169 Ill. 2d at 186; see also 
People v. King
, 66 Ill. 2d 551, 566 (1977) ("Prejudice, with regard to multiple acts, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses").  If either step yields an affirmative answer, the conviction in question cannot stand.  
Rodriguez
, 169 Ill. 2d at 186.  Moreover, it is well established that possession of a controlled substance is a lesser included offense of delivery of a controlled substance.  
People v. Lewis
, 83 Ill. 2d 296, 302 (1980).

The State contends that convictions of both the possession and delivery of the cocaine can stand because defendant asked for a piece of the cocaine, which he retained, while the rest was delivered to Nachman.  Such an interpretation ignores the reality that this was one transaction where defendant acquired some cocaine and delivered the bulk of it to Nachman.  Obviously, defendant possessed all of the cocaine prior to giving it to Nachman.  After the transaction, he continued to possess a small portion of it.  We attach no significance to the fact that defendant briefly turned over all of it to Nachman and then, almost immediately, a small quantity was returned to him.  It was the same cocaine, it was one transaction, and therefore it was one act.

The State also argues that delivery within 1,000 feet of a church (720 ILCS 570/407(b)(2) (West 2000)) is a sentence enhancer of the crime of delivery of a controlled substance (720 ILCS 570/401(d) (West 2000)), rather than a separate offense.  Assuming, for the sake of argument, that the State is correct, this argument is beside the point.  Defendant stands convicted of six counts, two of which are of delivery and two of which are of delivery within 1,000 feet of a church for the two substances delivered.  As such, the lesser counts cannot stand.

Therefore, we vacate defendant's convictions of counts I, III, IV, and VI and the sentences imposed on them.  We remand this cause so the trial court may enter an appropriate order reflecting two convictions of delivery of a controlled substance within 1,000 feet of a church.

III. SUPREME COURT RULE 605(a)

Defendant's final argument is that he was not properly admonished as to how to preserve sentencing issues in accordance with Supreme Court Rule 605(a).  Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a), eff. October 1, 2001.  If a defendant is not properly admonished regarding his or her appellate rights, the proper remedy is to remand the cause to allow the defendant to be admonished and, if desired, to file a motion to reconsider sentence.  
People v. Gonzalez
, 339 Ill. App. 3d 914, 926 (2003).  The State does not contend that the admonishments defendant received complied with the rule; nevertheless, it asks that we affirm.  The State argues that defendant was not prejudiced by the trial court's omission, the sentence was proper, and a remand would be a waste of judicial resources.  Because this issue concerns compliance with a supreme court rule, review is 
de novo
.  
People v. Lloyd
, 338 Ill. App. 3d 379, 384 (2003).  

Rule 605(a)(3) reads, in pertinent part, as follows:

"(3) At the time of imposing sentence or modifying the conditions of the sentence, the trial court shall also advise the defendant as follows:

A. that the right to appeal the judgment of conviction, excluding the sentence imposed or modified, will be preserved only if a notice of appeal is filed in the trial court within thirty (30) days from the date on which sentence is imposed;

B. that prior to taking an appeal, if the defendant seeks to challenge the correctness of the sentence, or any aspect of the sentencing hearing, the defendant must file in the trial court within 30 days of the date on which sentence is imposed a written motion asking to have the trial court reconsider the sentence imposed, or consider any challenges to the sentencing hearing, setting forth in the motion all issues or claims of error regarding the sentence imposed or the sentencing hearing;

C. that any issue or claim of error regarding the sentence imposed or any aspect of the sentencing hearing not raised in the written motion shall be deemed waived; and

D. that in order to preserve the right to appeal following the disposition of the motion to reconsider sentence, or any challenges regarding the sentencing hearing, the defendant must file a notice of appeal in the trial court within 30 days from the entry of the order disposing of the defendant's motion to reconsider sentence or order disposing of any challenges to the sentencing hearing."  Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a)(3), eff. October 1, 2001.

This rule was amended in 2001, and the above-quoted  material was added.  
Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a)(3), eff. October 1, 2001.
  Defendant was sentenced on April 16, 2002.  Notably, the rule now requires that a defendant be admonished regarding postsentencing motions.

In 
People v. Mazar
, 333 Ill. App. 3d 244, 257-59 (2002), the First District relied upon the new version of Rule 605(a) in finding that fundamental fairness "requires that defendant be allowed a remand for proper admonishments pursuant to the current version of Rule 605(a) and in order to file a motion to reconsider sentence."  
Mazar
, 333 Ill. App. 3d at 259.  The Third District, however, came to a different result in 
People v. Williams
, No. 3--02--0168 (November 14, 2003).  The 
Williams
 court observed, "[t]he failure of a trial court to properly admonish a defendant as required by supreme court rule, standing alone, does not automatically establish grounds for reversing the judgment or vacating a plea."  
Williams
, slip op. at 6.  According to the Third District, reversal is necessary only if " '
real justice
 has been denied or [if the] defendant has been 
prejudiced
 by the inadequate admonishment.' " (Emphasis in original.)  
Williams
, slip op. at 6
, quoting 
People v. Davis
, 145 Ill. 2d 240, 250 (1991).  A well-reasoned dissent pointed out that the cases that the majority relied upon involved Supreme Court Rule 402 (177 Ill. 2d R. 402), which sets forth the admonishments a defendant must be given before a guilty plea is accepted.  
Williams
, slip op. at 3 (McDade, P.J., concurring in part and dissenting in part)
.  The policy underlying the substantial compliance rationale pertaining to Rule 402(a) was stated by the supreme court in the following manner:  " ' "It is not the policy of this court to 
reverse a judgment of conviction
 merely because error was committed unless it appears that real justice has been denied." ' "  (Emphasis in original.)  
Williams
, slip op. at 4
 (McDade, P.J., concurring in part and dissenting in part), quoting 
People v. Dudley
, 58 Ill. 2d 57, 61 (1974), quoting 
People v. Morehead
, 45 Ill. 2d 326, 332 (1970).

Obviously, the same policy concerns do not apply to Rule 605(a).  A remand for compliance with Rule 605(a) does not undo a conviction.  
Williams
, slip op. at 4 (McDade, P.J., concurring in part and dissenting in part)
.  Instead, a remand merely requires that the defendant be properly admonished and afforded the opportunity to file appropriate postsentencing motions.  The 
Williams
 dissent likened Rule 605(a) to Rule 605(b), which sets forth the admonishments a defendant must receive following a guilty plea, and noted that the two rules serve similar functions.  
Williams
, slip op. at 2 (McDade, P.J., concurring in part and dissenting in part)
.  Strict compliance with Rule 605(b) is required and remand is not discretionary.  
People v. Jamison
, 181 Ill. 2d 24, 31 (1998).  We agree with the dissent that "[t]here is no reason to think that identical language in Rule 605(a) would not also be interpreted as requiring strict compliance with the admonitions it sets out."  
Williams
, slip op. at 2 (McDade, P.J., concurring in part and dissenting in part)
.

Accordingly, we hold that Rule 605(a) requires strict compliance and that the remedy for failing to comply with the rule is to remand the matter so that the defendant may receive the proper admonishments and be given an opportunity to file a motion to reconsider sentence.  The State's arguments about prejudice are inapposite.  We remand this cause for these purposes.

III. CONCLUSION

In light of the foregoing, we affirm defendant's two convictions of delivery of a controlled substance within 1,000 feet of a church and we vacate the remainder of the convictions.  This cause is remanded so that the trial court may enter an appropriate judgment order reflecting two convictions, admonish defendant in compliance with Rule 605(a), and afford him the opportunity to file a motion to reconsider sentence.

Affirmed in part and vacated in part; cause remanded with directions.

BYRNE and KAPALA, JJ., concur.