THIRD DIVISION

March 24, 2004

No. 1-03-0897

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

JOHNNY GARNER,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

 

Honorable

Diane Cannon,

Judge Presiding.

JUSTICE KARNEZIS delivered the opinion of the court:

Following a bench trial, defendant Johnny Garner was convicted of aggravated criminal sexual abuse (720 ILCS 5/12-16(d) (West 2002)) and was sentenced to five years’ imprisonment.  On appeal, defendant contends he received ineffective assistance of trial counsel and the trial court failed to admonish him in accordance with Supreme Court Rule 605(a) (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a), eff. October 1, 2001).  We affirm.

BACKGROUND

Defendant was charged with aggravated criminal sexual abuse for having sexual encounters with S.P., who was 13 years old at the time of the first encounter in September 2001 and 14 years old at the time of the last encounter.  Defendant admitted having sexual encounters with S.P., but asserted, in his defense, that he reasonably believed S.P. was 17 years of age or older. 720 ILCS 5/12-17(b) (West 2002).

S.P. testified that she was born September 21, 1987, and that in September 2001, she attended Hope Elementary School.  She knew defendant because he was a friend of her uncle who lived with her family.  Defendant would visit their home almost every day.  On one particular visit in August 2001, defendant asked S.P. how old she was.  S.P. told him she was 15 years old and a freshman at Collins high school, although she was really 13 years old.   Defendant told her that when school started she should give him a call.

In early September 2001, S.P. called defendant and they arranged to meet the next day at the park across from S.P.’s school at 8:30 a.m.  Defendant met S.P. at the park and picked her up in his car.  He drove her to a soccer field and then to a motel where he registered and obtained a key.  Inside the room, defendant told S.P. to undress but she refused.  Defendant then undressed her.  He touched her breasts with his hands and his mouth.  He also touched her vagina and put his penis in her vagina.  After they had sex defendant drove her back to the park.

S.P. saw defendant again about a week later when she was walking to the store.  Defendant told her to meet him at the park the following morning.  The next morning defendant drove her to the same soccer field but drove S.P. back to the park and told her to wait for him there after he received a telephone call from his mother.  Defendant told S.P. that he did not want his mother to see her in the car with him.  

When defendant returned about 30 minutes later, he drove S.P. to the same motel.  In the motel room, defendant placed his mouth and hands on her breasts and touched her vagina.  He also put his penis in her vagina.  He then took her back to the park.

On September 21, S.P.’s fourteenth
 birthday, S.P. saw defendant while walking down the street.  Defendant asked her if she was going to her cousin’s party the following evening.  S.P. told defendant that kids were not allowed at the party and that she was going to her aunt’s house instead.

S.P. called defendant from her aunt’s house the following evening.  They agreed to meet at the corner store.  S.P. walked to the store with her sister and cousin.  Defendant drove S.P. to the same motel and got a room.  They had vaginal and anal sex.  Afterwards, defendant noticed several messages on his cellular phone from S.P.’s uncle and one from S.P.’s cousin.  Defendant drove S.P. back to her aunt’s house without returning the motel key.  Defendant told S.P. that if anyone were to ask  her where he was, she was to say that she did not know.  Defendant dropped her off several blocks from her aunt’s house.  S.P. went home with her grandmother, her aunt and her sister.

The police came after they arrived home because S.P.’s uncle had reported her missing.  S.P. then told the police, her grandmother and her aunt that she had been with defendant at a motel and that they had sex.  After S.P. identified the motel, she was taken to Mt. Sinai Hospital, where doctors found vaginal and anal tears consistent with penetration.

Defendant testified that he first met S.P. in the park in the summer of 2001.  She would walk up to him while he was playing ball and “talk and flirt.”  Defendant stated that S.P. called him during the summer of 2001 and asked him to meet her.  He did not know how she obtained his telephone number.  When they met, S.P. told him that she was a senior at Collins high school and that she was 18 years of age.  Defendant testified that S.P. was wearing jeans, a shirt, rings, makeup and that her hair was “done.”  Defendant did not suspect, based on S.P.’s appearance, voice or demeanor that she was under the age of 18.

S.P. initiated contact again about two weeks later and again two weeks after that.  She suggested that they get together.  Both times defendant picked her up across the street from Collins high school.  S.P. wore “tight top[s]”, makeup, rings and earrings. Both times they went to a motel and had sex.  Defendant had no reason to believe S.P. was not 18 years old.

S.P. called defendant on September 21 and told defendant to pick her up on the corner.  They went to a motel and had sex.  Afterwards S.P. asked defendant to drop her off two blocks from her house.

Defendant stated that he knew Robert Carroll, S.P.’s uncle, from the neighborhood and knew the two were related.  However, he and Robert were not friends, they only played basketball together.  Defendant testified that he did not have a social relationship with the Carrolls and would only visit their home when Robert called him to play ball.  Defendant testified that he had been in Robert’s home twice and had waited on the front porch several times.  

After hearing the foregoing testimony, the trial court found defendant guilty of aggravated criminal sexual abuse and sentenced him to five years’ imprisonment.  It is from this judgment that defendant now appeals.

ANALYSIS

Defendant first argues that he was denied his right to effective assistance of counsel when defense counsel failed to lay the proper foundation for impeachment testimony.  

To prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test set forth in 
Strickland v. Washington
, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984).  A defendant must show that: (1) trial counsel's representation fell below an objective standard of reasonableness, and (2) a reasonable probability exists that, but for counsel's errors, the result of the trial would have been different.  
Strickland
, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064; 
People v. Albanese
, 104 Ill. 2d 504, 525, 473 N.E.2d 1246, 1254 (1984).

Under the first prong of the 
Strickland 
test, defendant must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " 
Strickland
, 466 U.S. at 689, 80 L. Ed. 2d at 694-95, 104 S. Ct. at 2065, quoting 
Michel v. Louisiana
, 350 U.S. 91, 101, 100 L. Ed. 83, 93, 76 S. Ct. 158, 164 (1955). A defendant satisfies the second prong of 
Strickland
 if he can show that the trier of fact would not have found him guilty beyond a reasonable doubt had counsel not erred.  
People v. Caballero
, 126 Ill. 2d 248, 260, 533 N.E.2d 1089, 1091
 
(1989).  Where the defendant fails to prove prejudice, the reviewing court need not determine whether counsel's performance constituted less than reasonable assistance. 
Strickland
, 466 U.S. at 697, 80 L. Ed. 2d at 699, 104 S. Ct. at 2069; 
People v. Flores
, 153 Ill. 2d 264, 283-84, 606 N.E.2d 1078, 1087 (1992). 

Defendant claims that the testimony of Lakisha Cotton would have supported his defense that he reasonably believed S.P. was 17 at the time the sexual encounters occurred.  Specifically, defendant claims that Ms. Cotton would have testified that S.P. told her that she told defendant that she was 18.  During his case in chief, defendant called Lakisha Cotton and the following colloquy occurred.

MR. PIET [Defense Attorney]:  Did [S.P.] tell you that she told 

anyone that she was 18 years of age?

MR. DRISCOLL [Assistant State’s Attorney]:  Objection

MR. PIET:  I’m sorry.  That she told Johnny Garner that she was 16

years of age?

THE COURT:  Sustained.

MR. PIET:  No further questions of this witness."

Defendant asserts that Ms. Cotton’s testimony was crucial to his defense and that the court’s exclusion of her testimony was due to counsel’s failure to lay a proper foundation.  We disagree.  

Although defense counsel initially posed the question to Ms. Cotton asking “18 years of age” he apologized and corrected the age to “16 years.”  There is no evidence in the record before us that would allow us to conclude that Ms. Cotton would have testified that S.P. told her that she told defendant that she was 18 years old.  We cannot assume that this would be Ms. Cotton’s testimony based on defendant’s argument alone.  

Even if Ms. Cotton would have testified that S.P. told her that she was 16 at the time of the sexual encounters, as suggested by defense counsel, her testimony would not have supported defendant’s defense because at 16 years of age S.P. would have been unable to consent to sex.  720 ILCS /12-16(d) (West 2002).   For the aforementioned reasons, we find that defendant suffered no prejudice in this case and therefore did not receive ineffective assistance of counsel. 

Defendant next claims he was not properly admonished pursuant to Supreme Court Rule 605(a) 
(Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a), eff. October 1, 2001)
, and this cause should be remanded to the trial court for proper admonishments.  Defendant argues that although the trial court did properly admonish him of his right to appeal his conviction, the court did not give sufficient admonishments with respect to his right to file a motion to reconsider his sentence.  Specifically, defendant argues that the admonishment given by the trial court was inadequate because the court never informed defendant that any sentencing issue not included in his written motion to reconsider sentence would be waived.  

This issue concerns compliance with a supreme court rule and therefore our review is 
de novo
.  
People v. Lloyd
, 338 Ill. App. 3d 379, 384, 788 N.E.2d 1169, 1173 (2003).  

Supreme Court Rule 605(a)(3) requires that, when imposing sentence, 

the trial court admonish defendant as follows: 

"(3) At the time of imposing sentence or modifying the conditions of the sentence, the trial court shall also advise the defendant as follows: 

A. that the right to appeal the judgment of conviction, excluding the sentence imposed or modified, will be preserved only if a notice of appeal is filed in the trial court within thirty (30) days from the date on which sentence is imposed; 

B. that prior to taking an appeal, if the defendant seeks to challenge the correctness of the sentence, or any aspect of the sentencing hearing, the defendant must file in the trial court within 30 days of the date on which sentence is imposed a written motion asking to have the trial court reconsider the sentence imposed, or consider any challenges to the sentencing hearing, setting forth in the motion all issues or claims of error regarding the sentence imposed or the sentencing hearing; 

C. that any issue or claim of error regarding the sentence imposed or any aspect of the sentencing hearing not raised in the written motion shall be deemed waived; and 

D. that in order to preserve the right to appeal following the disposition of the motion to reconsider sentence, or any challenges regarding the sentencing hearing, the defendant must file a notice of appeal in the trial court within 30 days from the entry of the order disposing of the defendant's motion to reconsider sentence or order disposing of any challenges to the sentencing hearing."  
Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a)(3), eff. October 1, 2001.

Here, the trial court gave defendant the following admonishment after sentencing:

“You have 30 days to appeal the findings and sentence of this 

court.  That motion must be made in writing setting forth the reasons why.  

If you did not have money for a lawyer, one will be provided free of charge 

to assist you and a transcript will be provided free of charge.  Motion must

be preceded or first you must make a motion to reconsider the sentencing.

Should that motion be denied you have 30 days to appeal and that motion

must be made in writing setting forth the reasons why.

If you do not have the money for a lawyer one will be provided free 

of charge to assist you and a transcript will be provided free of charge.”

Defense counsel then submitted a motion for modification and reduction of sentence which was denied by the trial court.  Afterwards, the trial court admonished defendant as follows:

“You have 30 days to appeal the sentence.  That motion must be 

made in writing setting forth the reasons why.  If you do not have the 

money for a lawyer one will be provided free of charge to assist you and a

transcript will be provided free of charge.”

Defendant claims that 
People v. Mazar
, 333 Ill. App. 3d 244, 775 N.E.2d 135 (2002), supports his position that the court’s failure to admonish him of the risk of waiver requires remand.  In 
Mazar
, the 
pro se
 defendant argued that the trial court’s failure to admonish him of the need to file a motion to reconsider his sentence to preserve sentencing errors for appeal denied his right to due process.  Subsequent to the defendant’s sentencing, the supreme court amended Rule 605(a) to require that criminal defendants be admonished of the need to file a motion attacking their sentence to preserve any sentencing challenges for appeal.  
Mazar
, 333 Ill. App. 3d at 259, 775 N.E.2d at 147-48.  Although at the time of sentencing the trial court had no obligation to admonish the defendant to file a motion to reconsider his sentence, this court, finding that fundamental fairness so required, remanded the defendant’s cause to the trial court for admonishments pursuant to the amended version of Rule 605(a) and to allow the defendant to file a motion to reconsider his sentence.  
Mazar
, 333 Ill. App. 3d at 259, 775 N.E.2d at 147-48.  

We find defendant’s reliance on 
Mazar
 to be misplaced.  
Mazar
 was concerned with defendant’s right to have the benefit of the admonishments as included in the amended version of Rule 605(a).
  Mazar
, 333 Ill. App. 3d at 259, 775 N.E.2d at 147-48. 

In the case at bar, defendant was sentenced subsequent to the amendment of Rule 605(a) and therefore had the benefit of the admonishments.  In addition, the record reflects that defendant did file a posttrial motion entitled “[m]otion for modification and/or reduction of sentence” wherein he alleged: (1) the trial court erred in imposing the five-year sentence; (2) the trial court improperly considered factors in aggravation; (3) the trial court failed to consider factors in mitigation; (4) the trial court abused its discretion in imposing sentence; and (5) the trial court erred in imposing sentences of more that the minimum terms allowed for each count.  That motion was denied.   

In 
People v. Glenn
, No. 2-02-0491 (February 4, 2004), the defendant argued that he was not properly admonished as to how to preserve sentencing issues in accordance with Rule 605(a) and requested remand for proper admonishments and to file a motion to reconsider his sentence.  
Glenn
, slip. op at 9.  The State conceded that the defendant was not properly admonished but argued that defendant suffered no prejudice, that his sentence was proper and remand would be a waste of judicial resources.  
Glenn
, slip. op at 12.  The court held that Rule 605(a) required strict compliance and remanded to the trial court for proper admonishments and to give the defendant an opportunity to file a motion to reconsider.  
Glenn
, slip. op at 12.  

Here, the State concedes that the trial court failed to admonish defendant about the risk of waiver but argues that Rule 605(a) does not require strict compliance and failure to admonish a defendant as required by a Supreme Court rule does not necessarily establish grounds for remand.  See 
People v. Davis
, 145 Ill. 2d 240, 250, 582 N.E.2d 714, 719 (1991).  Rather, the State argues, whether reversal and remand is necessary depends “on whether 
real justice 
has been denied or whether defendant has been 
prejudiced
 by the inadequate admonishment."  (Emphasis added.)  
Davis
, 145 Ill. 2d at 250, 582 N.E.2d at 719, citing 
People v. Dudley
, 58 Ill. 2d 57, 60-61, 316 N.E.2d 773, 774 (1974). 

In support, the State cites 
People v. Williams
, 344 Ill. App. 3d 334, 800 N.E.2d 168 (2003).  In 
Williams
, the defendant argued on appeal that the trial court failed to admonish him of his appeal right pursuant to Supreme Court Rule 605(a) and requested remand for proper admonishments.  This court rejected defendant’s argument finding that the defendant was not denied real justice by the lack of the trial court's admonishments regarding the steps required to challenge his sentence on appeal because the defendant did not challenge his sentence on appeal.  
Williams
, 344 
Ill. App. 3d
 at 339, 800 N.E.2d at 172.  Likewise, this court found that the defendant was not prejudiced by the trial court’s failure to properly admonish him of all the steps necessary to challenge his sentence on appeal.  “Since defendant raised no challenge to his sentence in this appeal, his ability to raise a sentencing issue on appeal was not compromised or limited by the actions of the trial court.”  
Williams
, 344 
Ill. App. 3d
 at 339, 800 N.E.2d at 172.  

We find the facts of this case more similar to those in 
Williams 
than 
Glenn.  
Similar to the defendant in 
Williams
, defendant here does not raise any issues pertaining to his sentence that he wishes to bring but cannot because the trial court failed to properly admonish him.  The trial court did admonish defendant of the need to attack his sentence in a posttrial motion, yet did not inform defendant that issues not raised in that motion would be waived for purposes of appeal.  As previously discussed, defendant did file a motion to reconsider his sentence, which was denied.   Defendant does not raise any specific issues before this court that he was precluded from raising as a result of the trial court’s incomplete admonishments.  

Rule 605(a) does not require strict compliance in this case.  Rather, in accordance with the holding in 
Williams
, we find that defendant was not denied real justice nor was he prejudiced as a result of the trial court’s incomplete admonishments.  
Williams
, 344 
Ill. App. 3d
 at 339, 800 N.E.2d at 172.  To require a remand in the instant case would “elevate form over substance without serving the ends of real justice.”  
Williams
, 344 
Ill. App. 3d
 at 339, 800 N.E.2d at 172.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

HOFFMAN, P.J., and SOUTH, J., concur.