THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT E. BAGNELL, JR., Defendant-Appellant.

Third District   No. 3—02—0327

Opinion filed May 3, 2004.

LYTTON, J., specially concurring.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

Sheldon R. Sobol, State's Attorney, of Morris (Lawrence M. Bauer and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McDADE delivered the opinion of the court:

A jury found the defendant, Robert E. Bagnell, Jr., guilty of driving under the influence of alcohol (625 ILCS 5/11—501(a)(2), (c—1)(3) (West 2002)) and driving while his license was revoked (625 ILCS

5/6—303(a), (d) (West 2002)). He was sentenced to concurrent terms of five and three years' imprisonment, respectively, for these offenses. On appeal, the defendant argues that he should receive nine rather than eight days' credit toward his sentences for his presentence custody. The State agrees. The defendant also submits that the cause should be remanded for proper admonishments under Supreme Court Rule 605(a) (210 Ill. 2d R. 605(a)). We affirm the defendant's sentences as modified and remand for proper Rule 605(a) admonishments and further proceedings.

## BACKGROUND

The record shows that the defendant was arrested for the above-mentioned infractions on February 6, 2001. He posted bond and was released from custody on February 14, 2001.

At trial, the jury found the defendant guilty of the offenses as noted above. The defendant then was sentenced on May 2, 2002. Following imposition of the sentences, the judge admonished the defendant as follows concerning the procedures involved in appealing his case:

> "Mr. Bagnell, it's my duty to advise you that you have the right to appeal. You have a right to request the clerk to prepare and file a notice of appeal and the right, if indigent, to be furnished without cost with a transcript of these proceedings, including the trial or hearing. You also, if indigent, have a right to have counsel appointed on the appeal. Your right to appeal will only be preserved if a notice of appeal is filed in this trial court within 30 days of today."

The sentencing order indicates that the defendant is to receive eight days' credit toward his sentence for presentence incarceration. The defendant appeals.

## ANALYSIS

### I. Credit for Time Served

■ The defendant argues that he should receive nine rather than eight days' credit toward his sentence for time served. The State agrees.

A defendant is entitled to credit against his sentence for time spent in custody prior to sentencing. 730 ILCS 5/5—8—7(b) (West 2002). Any fraction of a day in custody counts as a full day for purposes of calculating the credit. *People v. Smith*, 258 Ill. App. 3d 261, 630 N.E.2d 147 (1994).

The defendant was arrested on February 6, 2001, and posted bond on February 14, 2001. He is therefore entitled to a presentence credit of nine rather than eight days. Accordingly, we order that the mit-

timus be modified to reflect one additional day of credit for presentence custody.

## II. Rule 605(a) Admonishments

The defendant submits that the trial court erred by failing to properly admonish him under Supreme Court Rule 605(a). He asks that we remand the matter for proper Rule 605(a) admonishments and the opportunity, thereafter, to file a motion to reconsider sentence.

■ We review questions concerning supreme court rule compliance *de novo*. *People v. Hall*, 198 Ill. 2d 173, 760 N.E.2d 971 (2001).

■ Rule 605(a) states certain admonishments a trial court must give a defendant who has pled not guilty after he has been convicted and sentenced. The admonishments concern the proper procedures to appeal his case. Prior to October 1, 2001, the rule required the court to advise such a defendant that (1) he has the right to appeal; (2) he must file a timely notice of appeal in order to perfect his appeal; (3) if indigent, he will be furnished with transcripts of the trial and hearings free of charge; and (4) if indigent and sentenced to a term of imprisonment, he will have counsel appointed on appeal. See 188 Ill. 2d R. 605(a).

Effective October 1, 2001, Rule 605(a) was amended to further advise the defendant concerning preservation of sentencing issues on appeal. The amended rule additionally required the court to admonish the defendant:

"B. that prior to taking an appeal, if the defendant seeks to challenge the correctness of the sentence, or any aspect of the sentencing hearing, the defendant must file in the trial court within 30 days of the date on which sentence is imposed a written motion asking to have the trial court reconsider the sentence imposed, or consider any challenges to the sentencing hearing, setting forth in the motion all issues or claims of error regarding the sentence imposed or the sentencing hearing;

C. that any issue or claim of error regarding the sentence imposed or any aspect of the sentencing hearing not raised in the written motion shall be deemed waived; and

D. that in order to preserve the right to appeal following the disposition of the motion to reconsider sentence, or any challenges regarding the sentencing hearing, the defendant must file a notice of appeal in the trial court within 30 days from the entry of the order disposing of the defendant's motion to reconsider sentence or order disposing of any challenges to the sentencing hearing." 210 Ill. 2d Rs. 605(a)(3)(B), (a)(3)(C), (a)(3)(D).

The trial court's admonishments in this case did not conform with

the newer form of the rule, because the court failed to advise the defendant of the need to raise sentencing issues in a timely motion to reconsider sentence in order to preserve these issues for appeal. A similar mistake was made by a trial court in *People v. Williams*, 344 Ill. App. 3d 334, 800 N.E.2d 168 (2003). In *Williams*, a different panel of this court stated that where the defendant failed to raise a sentencing issue on appeal, the trial court's failure to properly admonish the defendant under Rules 605(a)(3)(B), (a)(3)(C), and (a)(3)(D) did not prejudice the defendant's case. The *Williams* court held that, under such circumstances, strict compliance with the rule was not necessary and remandment was not required. We respectfully disagree with the *Williams* court's holding for the reasons that follow.

In determining whether strict compliance is required, an examination of all of Rule 605 is instructive. Rule 605 concerns two categories of defendants who are in different procedural postures. Rule 605(a) applies to defendants who have pled not guilty and have gone to trial. Rules 605(b) and (c) concern defendants who have pled guilty. Each of the three sections, (a), (b), and (c), of Rule 605 states that the trial court "shall advise" the defendant concerning what procedures are required if the defendant wishes to appeal certain aspects of his case. 210 Ill. 2d R. 605. In other words, the admonishments in all three subsections of Rule 605 are mandatory.

Sections (b) and (c) of Rule 605 state the admonishments concerning procedures found in Rule 604(d) (188 Ill. 2d R. 604(d)). Rule 604(d) sets forth the procedures for perfecting an appeal from a conviction based on a guilty plea. Because failure to comply with the procedures of Rule 604(d) results in the loss of the defendant's right to appeal, Illinois courts have required strict compliance with the admonishments in Rules 605(b) and (c), and remandment when the trial court has failed to properly give those admonishments. See *People v. Jamison*, 181 Ill. 2d 24, 690 N.E.2d 995 (1998); *People v. Doguet*, 307 Ill. App. 3d 1, 716 N.E.2d 818 (1999); *People v. Lloyd*, 338 Ill. App. 3d 379, 788 N.E.2d 1169 (2003).

Unlike Rules 605(b) and (c), Rules 605(a)(3)(B), (a)(3)(C), and (a)(3)(D) do not concern perfection of a defendant's appeal. However, the admonishments contained in those paragraphs concern preservation of the defendant's sentencing issues for appeal. Unless a defendant subject to Rule 605(a) admonishments raises sentencing issues in a motion to reconsider, the defendant's sentencing issues are waived on appeal.

■ Similar to the relationship between Rule 604(d) and Rules 605(b) and (c), the admonishments in Rules 605(a)(3)(B), (a)(3)(C),

and (a)(3)(D) track the requirements of section 5—8—1(c) of the Unified Code of Corrections (730 ILCS 5/5—8—1(c) (West 2002)). Section 5—8—1(c) requires a defendant to file a motion to reconsider sentence within 30 days of sentencing. The mandatory language of section 5—8—1(c) requires strict compliance to preserve sentencing issues for appeal. *People v. Reed*, 177 Ill. 2d 389, 686 N.E.2d 584 (1997).

A trial court's failure to properly admonish a defendant under a supreme court rule does not require remandment unless the defendant has been prejudiced by the inadequate admonishment. *People v. Davis*, 145 Ill. 2d 240, 582 N.E.2d 714 (1991). Defendants who receive inadequate admonishments under Rule 605(a), (b), or (c) are prejudiced because they risk forfeiting the right to raise issues on appeal. If a defendant who has pled guilty fails to follow the admonishments of Rule 605(b) or (c), that defendant cannot raise issues on appeal because he has not perfected his appeal. Similarly, if a defendant who has pled not guilty fails to follow the admonishments of Rules 605(a)(3)(B), (a)(3)(C), and (a)(3)(D), such a defendant cannot raise sentencing issues because the defendant has waived those issues on appeal.

We rule that the strict compliance required for Rules 605(b) and (c) admonishments also is required for Rule 605(a) admonishments. We further hold that the remedy for failure to give proper Rule 605(a) admonishments is the same remedy as for failure to give proper Rule 605(b) or (c) admonishments—that is, remandment for proper admonishments.

## CONCLUSION

For the foregoing reasons, we modify the sentences imposed by the Grundy County circuit court to give credit to the defendant for nine rather than eight days of presentence incarceration toward his sentences. We otherwise affirm the judgments of conviction. We remand the matter for proper Rule 605(a) admonishments and further proceedings.

Affirmed as modified and remanded with directions.

SLATER, J., concurs.

JUSTICE LYTTON, specially concurring:

I wish to state that we are not so much overruling *People v. Williams*, 344 Ill. App. 3d 334 (2003), as acknowledging a developing pattern that brings us to our decision today. In *People v. Parker*, 344 Ill. App. 3d 728 (2003), this court remanded for proper admonishments

after the State conceded that defendant was not given a proper admonition under Rule 605(a)(3). In this case, the necessity of showing prejudice was not argued, the parties likely recognizing that, as the majority states, prejudice is inherent when admonishments are not given. Thus, remand is necessary when the trial court does not properly admonish a defendant under Rule 605(a).