THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT JONES, Defendant-Appellant.

Third District   No. 3—03—0531

Opinion filed July 28, 2005.

McDADE, J., dissenting.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Jeff Tomczak, State's Attorney, of Joliet (Lawrence M. Bauer and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

The defendant, Robert Jones, was convicted of attempted aggravated robbery (720 ILCS 5/8—4(a), 18—5 (West 2002)) and sentenced to 20 years of imprisonment. After a hearing on the defendant's motion to reconsider sentence, the circuit court reduced the defendant's sentence to 18 years. On appeal, the defendant argues that the case should be remanded because the court failed to properly admonish him pursuant to Supreme Court Rule 605(a) (210 Ill. 2d R. 605(a)). We affirm. The defendant was charged with attempted aggravated robbery (720 ILCS 5/8—4(a), 18—5 (West 2002)). After a jury trial, the defendant was found guilty. Initially, the defendant was sentenced to 20 years of imprisonment. Although the defendant did not receive a Rule 605(a) admonishment from the court, defense counsel stated that she would file a motion to reconsider sentence. After a hearing on the motion, the circuit court reduced the defendant's sentence to 18 years. The defendant appealed.

On appeal, the defendant argues that, although defense counsel indicated she was going to file a motion to reconsider sentence, the defendant was not properly admonished pursuant to Rule 605(a) that any issue not raised in the motion would be waived. Accordingly, the defendant contends we must remand for an admonishment pursuant to Rule 605(a).

In pertinent part, Rule 605(a) provides that, when the circuit court has entered a judgment and sentence after a plea of not guilty:

"(3) At the time of imposing sentence or modifying the conditions of the sentence, the trial court shall also advise the defendant as follows:

* * *

C. that any issue or claim of error regarding the sentence imposed or any aspect of the sentencing hearing not raised in the written motion shall be deemed waived[.]" 210 Ill. 2d R. 605(a)(3)(C).

We review questions concerning supreme court rule compliance *de novo*. *People v. Jones*, 349 Ill. App. 3d 255, 812 N.E.2d 32 (2004).

In support of his argument, the defendant contends that courts must strictly comply with the admonishment requirement in Rule 605(a), citing *People v. Bagnell*, 348 Ill. App. 3d 322, 809 N.E.2d 753 (2004), and *People v. Glenn*, 345 Ill. App. 3d 974, 804 N.E.2d 661

(2004). These cases analogized to guilty plea cases, which require admonishments pursuant to Rule 605(b) or (c) (210 Ill. 2d R. 605(b), (c)), and reasoned that the failure to properly admonish a defendant pursuant to Rule 605(a), as well as Rule 605(b) or (c), will prejudice the defendant because the defendant risks waiving issues on appeal. *Bagnell*, 348 Ill. App. 3d 322, 809 N.E.2d 753; *Glenn*, 345 Ill. App. 3d 974, 804 N.E.2d 661.

In response, the State contends that a remand is not automatic; rather, remandment depends on whether the defendant was denied real justice or was prejudiced by the improper admonishment. See, *e.g., People v. Spivey*, 351 Ill. App. 3d 763, 814 N.E.2d 925 (2004); *People v. Williams*, 344 Ill. App. 3d 334, 800 N.E.2d 168 (2003).

The State also cites the supreme court's recent decision in *People v. Breedlove*, 213 Ill. 2d 509, 821 N.E.2d 1176 (2004). In *Breedlove*, the defendant was admonished under a prior version of Rule 605(a) that did not require a warning that any sentencing issues not raised in a timely postsentencing motion would be deemed waived on appeal. *Breedlove*, 213 Ill. 2d 509, 821 N.E.2d 1176. The supreme court held that the defendant was not entitled to a remand for an admonishment under the current Rule 605(a). *Breedlove*, 213 Ill. 2d 509, 821 N.E.2d 1176.

Whether a difference exists between admonishments under Rules 605(a) and (b) was not at issue in *Breedlove*. Nevertheless, the *Breedlove* court drew a distinction between Rule 605(b) defendants who pled guilty in the circuit court, and Rule 605(a) defendants who pled not guilty: while the former completely lose their appeal rights if they fail to file the proper postplea motion, the latter "retain their right to appeal any trial errors (assuming they have filed the necessary posttrial motion) even if they fail to preserve sentencing issues for appeal." *Breedlove*, 213 Ill. 2d at 520, 821 N.E.2d at 1183.

We believe that the supreme court's decision distinction between Rule 605(a) defendants and Rule 605(b) defendants in *Breedlove* discredits the notion that Rule 605(a) cases can be analogized to Rule 605(b) or (c) cases such that the admonishment requirement in Rule 605(a) requires strict compliance. We therefore hold that Rule 605(a) requires only substantial compliance in that remandment is only required when (1) "real justice has been denied" or (2) "the defendant has been prejudiced by the lack of proper admonishment." *Williams*, 344 Ill. App. 3d at 340, 800 N.E.2d at 173.

In this case, the defendant does not argue that he was denied real justice or prejudiced because he did not receive a Rule 605(a) admonishment, nor has he raised any sentencing issues on appeal.

Because Rule 605(a) does not require strict compliance, and because the defendant has not shown he was denied real justice or prejudiced, we hold that the defendant is not entitled to a remand for admonishment pursuant to Rule 605(a).

The judgment of the circuit court of Will County is affirmed.

Affirmed.

BARRY, J., concurs.

JUSTICE McDADE, dissenting:

The majority holds that the failure of the circuit court of Will County to give defendant the admonishments mandated by Supreme Court Rule 605(a) does not require remand. Because I disagree with that conclusion, I respectfully dissent.

I believe the reliance of the State and the majority on *People v. Breedlove*, 213 Ill. 2d 509, 821 N.E.2d 1176 (2004), is misplaced. The issue in *Breedlove* was whether constitutional mandates of due process and equal protection and concepts of fundamental fairness obligated remand so that defendant could be admonished in accord with an amendment to the rule which had been adopted but which was not effective at the time he was admonished.

That is not the issue here. This defendant was admonished after the amendment became effective. Effective October 17, 2001, the supreme court added the requirement that Rule 605(a) admonishments should include the statement: "C. that any issue or claim of error regarding the sentence imposed or any aspect of the sentencing hearing not raised in the written motion [required in Rule 605(a)(3)(B)] shall be deemed waived." 210 Ill. 2d R. 605(a)(3)(C).

Presumably, one purpose of this rule is to ensure that defendants actually raise issues and claims if they have some that fall within the rule and, by way of bonus, to keep us from having to guess whether such issues were not raised because defendant did not have any or because he was not told that he must. The rule also keeps defendant from having to hope that he will be assigned to a panel that determines that his unraised issues fall within the slim confines of the plain error doctrine.

There is no issue here of constitutional rights or fundamental fairness; there is only a mandatory rule. *People v. Glenn*, 345 Ill. App. 3d 974, 804 N.E.2d 661 (2004); *People v. Bagnell*, 348 Ill. App. 3d 322, 809 N.E.2d 753 (2004). It seems clear to me that the case must be remanded for new admonishments.