SIXTH DIVISION 

June 30, 2004 

No. 1-03-1679

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee, 

v.

LARRY POLK,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

Henry R. Simmons
,

Judge Presiding.

PRESIDING JUSTICE O’MARA FROSSARD delivered the opinion of the court:

Following a bench trial, defendant Larry Polk was found guilty of the Class X felony of armed robbery and the Class 2 felony of burglary.  The trial court found that the burglary charge merged into the armed robbery conviction, and sentenced defendant to a prison term of nine years for armed robbery.  720 ILCS 5/18-2(a)(1), 18-2(b), 19-1 (West 2002); 730 ILCS 5/5-8-1(a)(3) (West 2002).  On appeal, defendant contends that he was not properly admonished pursuant to revised Illinois Supreme Court Rule 605(a).  Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a), effective October 1, 2001.  Defendant argues that the trial court failed to admonish him that, 
inter
 
alia
, he had a right to file a motion to reconsider his sentence and that sentencing errors would be waived if they were not raised in a written motion to reconsider the sentence within 30 days of sentencing.

Carl Griffin, Jr., testified that he was the loss prevention supervisor for Jewel-Osco at 1220 South Ashland Avenue.  At approximately 7:15 a.m. on May 9, 2002, Griffin saw defendant enter the store.  Griffin had seen defendant during the previous month and recognized him.  Griffin followed defendant and saw him take three hair clippers off the shelf and put them into a leather bag that was strapped around his shoulders.  Griffin confronted defendant after he had passed the last register.  When Griffin identified himself, defendant pulled back, produced a knife, and told Griffin to back up or he would stab him.  Griffin then pulled back and allowed defendant to leave the store with the hair clippers.  When police arrived, Griffin provided the officers with a picture of defendant.  Police officers subsequently showed an array of five photographs to Griffin, and Griffin identified defendant as the offender.  On May 10, 2002, Griffin identified defendant in a lineup.  A videotape of the incident was shown in court.

During cross-examination, Griffin testified that defendant previously had been caught stealing and that the knife was not visible on the videotape.

Chicago police officer James Hall testified that the photograph of defendant that Griffin provided bore the name "Pork" instead of "Polk," and a photographic array was used as a "safety measure."  When Hall arrested defendant on May 10, 2002, he recovered a knife, a jacket, and a black leather bag, all of which Griffin subsequently identified as the items used by defendant.  After Hall administered 
Miranda
 warnings to defendant and informed defendant that he was under arrest for robbery, defendant told Hall that it was not a robbery, it was a theft.  When Hall informed defendant that the use of the knife made the crime an armed robbery, defendant replied that it was not an armed robbery, it was a forcible theft.

The parties stipulated that defendant was identified in a lineup, and that defendant orally told Assistant State's Attorney Yoon and Detective Fujaro that he had a knife in his bag, that he took three hair clippers, that he did not take the knife out of the bag, that he pushed the security guard out of the way, that he sold two of the hair clippers, and that the third was stolen.

During the sentencing hearing, the assistant State's Attorney emphasized defendant's criminal history in aggravation.  The trial court observed that it was looking at pages 3 and 4 of the presentence investigative report, which listed defendant's prior convictions.  In mitigation, the assistant public defender argued that defendant maintained he had committed a theft, that the guard was never touched even though he was threatened, that no knife was visible on the videotape, that the case did not involve injuries or a firearm, that clippers were taken, that defendant was a high school graduate with no gang affiliations, that he worked when he was not incarcerated, that he had no history of substance abuse, and that he was involved in sports and athletics.  During allocution, defendant apologized and stated that he did not intend to hurt anyone.

The trial court stated that it had considered all of the facts, defendant's age (33), the presentence investigative report, the matters in aggravation and in mitigation, the arguments of the attorneys, defendant's statement, and his rehabilitative potential.  The trial court then imposed a nine-year prison sentence for armed robbery.

At the conclusion of the sentencing hearing, the trial court admonished defendant as follows:

"And do you [
sic
] have the right to appeal the fact that you were found guilty.

You have a right to file a notice of [a]ppeal within 30 days.  It must be in writing;  free lawyer will be provided, free trial transcript, as well.

You understand you have a right to appeal the fact that I found you guilty and in fact that I have just sentenced you?"

On appeal, defendant argues that the trial court's admonishments were inadequate because the trial court did not tell him that he had a right to file a motion to reconsider the sentence and that a motion to reconsider the sentence was required to preserve sentencing errors for appeal.  Defendant states that his sentence was greater than the minimum sentence despite significant mitigating evidence that he never touched or injured anyone during this crime, that his prior convictions were for nonviolent crimes, that he expressed remorse and said he never intended to hurt anyone, that he was a high school graduate, that he had a history of employment, and that he had never been in a gang.  Defendant argues that if he had been given the opportunity to file a motion to reconsider the sentence, he would have highlighted the mitigating factors and could have convinced the trial court that the sentence was excessive.  Defendant maintains that the inadequate admonishments deprived him of the opportunity to have his sentence reconsidered.  Defendant maintains that the cause should be remanded to the trial court to issue proper admonishments pursuant to Rule 605(a), and to afford him an opportunity to file a motion to reconsider the sentence.

The State acknowledges that the trial court's admonishment did not strictly comply with Rule 605(a), but the State contends that there is no need for remandment.  According to the State, defendant did not allege a sentencing error on appeal, and defendant was not prejudiced or deprived of real justice by the lack of strict compliance with Rule 605(a).  The State maintains that the trial court did not compromise or limit defendant's ability to raise a sentencing issue on appeal.  The State argues that the trial court heard about defendant's background, including three prior convictions for possession of a controlled substance with intent to deliver, one prior conviction for possession of a controlled substance, two prior convictions for theft, and one prior conviction for burglary.  The State argues further that the trial court also heard the mitigating factors:  that defendant admitted he had committed a theft and had threatened the guard, no one was injured, no firearm was involved, only hair clippers were stolen, defendant was a high school graduate, defendant was not in a gang, defendant worked when he was not incarcerated, defendant does not have a history of substance abuse, defendant was involved in sports and athletics, and defendant expressed remorse during allocution.  The State argues that the trial court said it had considered the presentence investigative report, the factors in aggravation and in mitigation, defendant's statement in allocution, and defendant's rehabilitative potential.  The State also argues that the nine-year prison sentence was only three years greater than the minimum sentence for a Class X felony.  According to the State, remandment would be a waste of judicial resources because prior to imposing the sentence, the trial court heard all of the mitigating factors that defendant lists in his brief, and defendant does not challenge his conviction or claim that the trial court committed a sentencing error.

Both sides correctly state that the standard of review is 
de
 
novo
.  
People v. Garner
, 347 Ill. App. 3d 578, 583 (2004);  
People v. Lloyd
, 338 Ill. App. 3d 379, 384 (2003);  
People v. Green
, 332 Ill. App. 3d 481, 483 (2002).  However, the case law is conflicting concerning the question whether the trial court's admonishments must strictly comply with Rule 605(a).

Revised Rule 605(a)(3) provides in pertinent part:

"(3) At the time of imposing sentence or modifying the conditions of the sentence, the trial court shall also advise the defendant as follows:

A. that the right to appeal the judgment of conviction, excluding the sentence imposed or modified, will be preserved only if a notice of appeal is filed in the trial court within thirty (30) days from the date on which sentence is imposed;

B. that prior to taking an appeal, if the defendant seeks to challenge the correctness of the sentence, or any aspect of the sentencing hearing, the defendant must file in the trial court within 30 days of the date on which sentence is imposed a written motion asking to have the trial court reconsider the sentence imposed, or consider any challenges to the sentencing hearing, setting forth in the motion all issues or claims of error regarding the sentence imposed or the sentencing hearing;

C. that any issue or claim of error regarding the sentence imposed or any aspect of the sentencing hearing not raised in the written motion shall be deemed waived;  and

D. that in order to preserve the right to appeal following the disposition of the motion to reconsider sentence, or any challenges regarding the sentencing hearing, the defendant must file a notice of appeal in the trial court within 30 days from the entry of the order disposing of the defendant's motion to reconsider sentence or order disposing of any challenges to the sentencing hearing."

Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a)(3), effective October 1, 2001.

In 
People v. Williams
, 344 Ill. App. 3d 334, 338 (
2003), the Third District held that remand is required only when improper Rule 605(a) admonishments prejudice the defendant or deny real justice.  The trial court failed to admonish the defendant that he was required to file a motion to reconsider the sentence in the trial court to preserve sentencing issues for appeal.  The appellate court held that the absence of compliance with Rule 605(a) did not require remandment of the case.  The appellate court held that because the defendant had not challenged his sentence on appeal, the incomplete admonishments had not deprived him of real justice, had not prejudiced him, and had not compromised or limited his ability to raise a sentencing issue on appeal.  
Williams
, 344 Ill. App. 3d at 338-39.  The appellate court observed:

"To require remand in the instant matter, so defendant could hear the steps necessary to challenge an issue that he has no basis to challenge, would elevate form over substance without serving the ends of real justice.  For this exercise in futility, we see no need."  
Williams
, 344 Ill. App. 3d at 339.

Relying upon 
Williams
, the First District in 
Garner
, 
347 Ill. App. 3d at 586, found that strict compliance with Rule 605(a) was not required because the defendant had not raised any sentencing issues that he wished to bring but could not because of the improper admonishments.  Thus, the defendant in 
Garner
 was neither prejudiced nor deprived of real justice by the incomplete admonishments, and remandment would have elevated form over substance. 
 
Garner
, 347 Ill. App. 3d at 586.

Contrary to 
Williams
 and 
Garner
, the causes were remanded for proper Rule 605(a) admonishments in 
People v. Bagnell
, No. 3-02-0327, slip op. at 6-7 
(May 3, 2004), 
People v. Glenn
, 345 Ill. App. 3d 974, 984-85 (2
nd Dist. 2004), and 
People v. Taylor
, 345 Ill. App. 3d 1064, 1083 (4
th Dist. 2004).  In 
Bagnell
, slip op. at 5-6, the Third District rejected the prejudice analysis it had adopted in 
Williams
 and held instead that Rule 605(a) admonishments are mandatory and must comply strictly with Rule 605(a).
(footnote: 1)  In 
Taylor
, 345 Ill. App. 3d at 1083, an allegedly excessive sentence was a sentencing error requiring remandment for proper Rule 605(a) admonishments.  In 
Glenn
, 345 Ill. App. 3d at 984, the appellate court rejected the prejudice analysis of 
Williams
, held that the trial court must comply strictly with Rule 605(a), and indicated that remandment is the remedy, to afford the defendant the proper admonishments as well as an opportunity to file a motion to reconsider his sentence.

Here, the trial court's admonishments did not strictly comply with Rule 605(a), and defendant did not file a post-sentencing motion.  The State's assertions that defendant did not challenge his sentence in this appeal are incorrect.  Unlike 
Garner
 and 
Williams
, defendant has raised specific issues before this court that he was unable to raise due to the trial court's incomplete admonishments.  Specifically, defendant has argued in this appeal that his sentence is excessive in light of the factors he listed in mitigation, and he has argued that the inadequate admonishments precluded him from filing a motion to reconsider the sentence.  Therefore, this case is not analogous to 
Williams
 or 
Garner
, in which the defendants did not specify any sentencing issues on appeal.  Defendant here has raised one of the same sentencing issues that required remandment for proper admonishments in 
Taylor
, namely, the issue of an allegedly excessive sentence, and we cannot say that defendant was not prejudiced or deprived of real justice by the incomplete admonishments.  Under these circumstances, we believe remand is necessary for proper Rule 605(a) admonishments
.

The judgment of the circuit court is affirmed, and the cause is remanded for proper Rule 605(a) admonishments and to afford defendant an opportunity to file a motion to reconsider his sentence, limited to his claim that his sentence was excessive in light of the mitigating factors listed in his brief in this appeal.

Affirmed and remanded with directions.

GALLAGHER and FITZGERALD SMITH, JJ., concur.

FOOTNOTES
1:
Justice McDade, who wrote the majority opinion in 
Bagnell
, concurred in part and dissented in part in 
Williams
, and stated in 
Williams
 that Rule 605(a) required strict compliance.  
Williams
, 344 Ill. App. 3d at 345.