Docket No. 98887–Agenda 9–March 2005.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. CHRISTOPHER HENDERSON, Appellant.

Opinion filed August 18, 2005.

CHIEF JUSTICE McMORROW delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, defendant Christopher Henderson was convicted of two counts of robbery (720 ILCS 5/18–1 (West 2000)), a Class 2 felony, and two counts of aggravated battery on a public way (720 ILCS 5/12–4(b)(8) (West 2000)), a Class 3 felony. The circuit court sentenced defendant to concurrent prison terms of nine years for each robbery conviction and four years for each aggravated battery conviction. On appeal, defendant argued that the circuit court did not properly admonish him pursuant to Supreme Court Rule 605(a) (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a), eff. October 1, 2001), and that the cause should be remanded for proper admonishments and an opportunity to file a motion to reconsider his sentence. The appellate court affirmed the judgment of the circuit court. No. 1–03–1623 (unpublished order under Supreme Court Rule 23). For the reasons that follow, we affirm the judgment of the appellate court.

BACKGROUND

The evidence presented at trial established that the offenses occurred early in the morning of June 28, 2002. At about 12:30 a.m., the victims, Daniel Fonseca and Kevin Schwarze, got off a bus on the north side of Chicago and began walking south on Broadway. They noticed defendant and several other people standing together on the other side of the street. As Fonseca and Schwarze continued south on Broadway, a man whom they had initially seen standing with defendant approached the victims from behind and asked Fonseca for a cigarette and a light. Fonseca gave the man a cigarette but said he did not have a lighter. Fonseca and Schwarze then began walking faster, having noticed that defendant and several other people were walking parallel with them on the other side of the street. At that point, the man who had asked for a cigarette yelled, “Don’t ---- with the Kings,” and struck Fonseca in the face. When Fonseca and Schwarze began to run, defendant yelled, “Stop those guys.” People from both sides of the street converged, tackled Fonseca and Schwarze, and started to go through their pockets. Schwarze saw defendant going through Fonseca’s pockets. Fonseca’s wallet, cellular telephone, bracelet and ring were taken. Fonseca saw defendant kicking Schwarze in the face. Schwarze’s wallet (containing $200), his cellular telephone and his watch were taken.

While Fonseca and Schwarze were still surrounded, several squad cars arrived, and defendant and the other offenders fled. Fonseca and Schwarze pointed out the offenders, and rode with the police in pursuit. Within about 20 to 30 seconds, the police converged on defendant and two others. The victims identified defendant as one of the offenders. Fonseca’s cellular telephone was recovered from the sidewalk.

The circuit court found defendant guilty on all counts. Defense counsel filed a motion for a new trial, and the circuit court denied the motion.

At the sentencing hearing, the State noted defendant’s criminal history, which included convictions for vehicular hijacking and attempted robbery. The State argued that, in light of this criminal history, defendant should receive an extended-term sentence of 7 to 14 years’ imprisonment. In mitigation, defense counsel presented two witnesses who testified regarding defendant’s talent as an artist and his involvement in a community arts center and a social service agency for Native Americans. Defense counsel argued, in addition, that although defendant had a drinking problem, he also had a strong work history and was self-sufficient. Defense counsel requested a sentence within the nonextended, three- to seven-year range for a Class 2 felony.

The court sentenced defendant to extended terms of nine years’ imprisonment for each of the robbery convictions and four years’ imprisonment for each of the aggravated battery convictions, with all sentences to be served concurrently. The court then admonished defendant:

“Mr. Henderson, you have a right to appeal which can be preserved only by filing a written notice of appeal with the clerk of the court within thirty days.

You have a right to request the clerk of the court to prepare and file a written notice of appeal on your behalf.

If you cannot afford it, a copy of the transcript will be given to you free, and a lawyer would be appointed to represent you on appeal.

You also must file within thirty days a written motion to reduce sentence that must be filed in the clerk of the court’s office. If you file a written motion to reduce sentence, then the appeal will be held in abeyance until the court has ruled on the motion to reduce sentence.

Do you understand that?”

Defendant indicated that he understood. Counsel for defendant then made an oral motion to reduce sentence, and the circuit court denied the motion. No written motion to reconsider sentence was filed.

On appeal, defendant argued that the circuit court failed to give him adequate admonishments regarding the filing of a motion to reconsider sentence. Specifically, defendant argued that the circuit court did not fully inform him that he had 30 days to file a written motion to reconsider “all aspects” of his sentence, and that any issue not included in this motion would be waived for appellate review. Defendant contended that his cause should be remanded for proper admonishments pursuant to Supreme Court Rule 605(a), and to allow him an opportunity to file a motion to reconsider his sentence. The circuit court’s alleged noncompliance with Rule 605(a) was the main issue raised in defendant’s appeal. He did not challenge the correctness of his sentence 
per se
, or any aspect of his sentencing hearing.

In rejecting defendant’s argument that the cause should be remanded, the appellate court relied on 
People v. Williams
, 344 Ill. App. 3d 334 (2003), which, upon similar facts, held that no remand was required. The appellate court observed that, in the case at bar, as in 
Williams
, defendant failed to raise any sentencing issues on appeal. In 
Williams
, the appellate court noted the defendant’s failure there to challenge his sentence on appeal, and concluded that the defendant therefore was neither prejudiced nor denied real justice by the inadequate admonishments. Accordingly, the court in 
Williams 
held that remand was not necessary. The appellate court in the case at bar applied the same reasoning as in 
Williams
, and similarly held that defendant was neither prejudiced nor denied real justice by the incomplete admonishments. Accordingly, no remand was necessary. The court explained:

“[D]efendant fails to identify any issue regarding ‘any aspect of his sentencing hearing’ which he wishes to challenge or identify any issue regarding his sentence which was deemed waived. Therefore, we conclude that ‘[to] require remand in the instant matter, so defendant could hear the steps necessary to challenge an issue that he has no basis to challenge, would elevate form over substance without serving the ends of real justice.’ ” No. 1–03–1623 (unpublished order under Supreme Court Rule 23), quoting 
Williams
, 344 Ill. App. 3d at 339.

The appellate court affirmed the judgment of the circuit court. We granted defendant’s petition for leave to appeal pursuant to Supreme Court Rule 315 (177 Ill. 2d R. 315).

ANALYSIS

Rule 605(a)

Rule 605, which is titled “Advice to Defendant,” sets forth admonishments regarding the right to appeal that a criminal defendant is to receive after judgment and sentence. There are two types of defendants who receive Rule 605 admonishments–those who have been found guilty following a trial and those who have pleaded guilty. 
People v. Breedlove
, 213 Ill. 2d 509, 519 (2004). The admonishments to be given to defendants who were found guilty following a trial are included in subsection (a) of Rule 605, and the advice to be given to the other type of defendants–those who pleaded guilty–is included in subsections (b) and (c). Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605, eff. October 1, 2001. Because defendant in the case at bar was found guilty following a trial, he was admonished under Rule 605(a).

Prior to its amendment on October 1, 2001, Rule 605(a) required the trial court to inform the defendant that, among other things, he had a right to appeal and that, in appropriate circumstances, he had a right to have counsel appointed to represent him on appeal. 188 Ill. 2d R. 605(a). However, this preamended version of Rule 605(a) contained no admonishments regarding the preservation of sentencing errors for appeal. Much of preamended Rule 605(a) is included in subsections (1) and (2) of the amended version of the rule. These provisions state, in pertinent part:

“(1) In all cases in which the defendant is found guilty and sentenced to imprisonment ***, excluding cases in which the judgment and sentence are entered on a plea of guilty, the trial court shall, at the time of imposing sentence ***, advise the defendant of the right to appeal, of the right to request the clerk to prepare and file a notice of appeal, and of the right, if indigent, to be furnished, without cost to the defendant, with a transcript of the proceedings at the trial or hearing.

(2) In addition to the foregoing rights, in cases in which the defendant has been convicted of a felony or a Class A misdemeanor or convicted of a lesser offense and sentenced to imprisonment ***, the trial court shall advise the defendant of the right to have counsel appointed on appeal.” Official Reports Advance Sheet No. 21 (October 17, 2001), Rs. 605(a)(1), (a)(2), eff. October 1, 2001.

In 2001, admonishments regarding the preservation of sentencing errors for appeal were added to Rule 605(a). It was this expanded version of Rule 605(a) that was in effect when defendant in the case at bar was sentenced. The new admonishments were included in subsection (3) of the amended rule, which provides:

“(3) At the time of imposing sentence or modifying the conditions of the sentence, the trial court shall also advise the defendant as follows:

A. that the right to appeal the judgment of conviction, excluding the sentence imposed or modified, will be preserved only if a notice of appeal is filed in the trial court within thirty (30) days from the date on which sentence is imposed;

B. that prior to taking an appeal, if the defendant seeks to challenge the correctness of the sentence, or any aspect of the sentencing hearing, the defendant must file in the trial court within 30 days of the date on which sentence is imposed a written motion asking to have the trial court reconsider the sentence imposed, or consider any challenges to the sentencing hearing, setting forth in the motion all issues or claims of error regarding the sentence imposed or the sentencing hearing;

C. that any issue or claim of error regarding the sentence imposed or any aspect of the sentencing hearing not raised in the written motion shall be deemed waived; and

D. that in order to preserve the right to appeal following the disposition of the motion to reconsider sentence, or any challenges regarding the sentencing hearing, the defendant must file a notice of appeal in the trial court within 30 days from the entry of the order disposing of the defendant’s motion to reconsider sentence or order disposing of any challenges to the sentencing hearing.” Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a)(3), eff. October 1, 2001.

In the case at bar, it is undisputed that the circuit court’s admonishments complied with subsections (1) and (2) of Rule 605(a). The court advised defendant of his right to appeal, his right to request that the clerk prepare and file a notice of appeal, and his rights to a free copy of the transcript of proceedings and to have counsel appointed to represent him on appeal. However, the circuit court’s admonishments did not strictly comply with subsection (3) of the rule. While the court did advise defendant that he “must file within thirty days a written motion to reduce sentence,” the court did not describe the scope of this motion, which, pursuant to subsection (3)(B) of Rule 605(a), was to include any challenges to “the correctness of the sentence, or any aspect of the sentencing hearing.” In addition, the court did not advise defendant that, as is indicated in subsection (3)(C), any issues not included in the postsentencing motion would be considered waived for appellate review. Thus, defendant received incomplete admonishments regarding the preserving of sentencing errors for appeal.

Remand for Proper Rule 605(a) Admonishments

The question presented in this appeal is whether strict compliance with Rule 605(a) is mandatory, such that any departure from the admonishments regarding postsentencing motions automatically requires a remand, regardless of whether the defendant suffered prejudice as a result of the inadequate admonishments. Because this issue concerns the proper interpretation of a supreme court rule, our review is 
de novo
. 
People v. Drum
, 194 Ill. 2d 485, 488 (2000); see 
People v. Garner
, 347 Ill. App. 3d 578, 583 (2004); 
People v. Lloyd
, 338 Ill. App. 3d 379, 384 (2003).

As previously indicated, the appellate court below held that remand was unnecessary even though defendant here received incomplete Rule 605(a) admonishments. Relying on 
People v. Williams
, 344 Ill. App. 3d 334 (2003), the appellate court concluded that defendant was neither prejudiced nor denied real justice as a result of these admonishments. 
Williams
, in turn, relied on this court’s decision in 
People v. Davis
, 145 Ill. 2d 240 (1991), which articulated the principle that a trial court’s failure to give proper admonishments does not necessarily require reversal in every instance. 
Davis 
addressed a question similar to that presented in the case at bar: whether a trial court’s failure to admonish a defendant properly under Supreme Court Rule 402 automatically established grounds for reversing a judgment or vacating a plea. This court answered this question in the negative. We held that “[w]hether reversal is required depends on whether real justice has been denied or whether defendant has been prejudiced by the inadequate admonishment.” 
Davis
, 145 Ill. 2d at 250; see also 
People v. Fuller
, 205 Ill. 2d 308, 323 (2002) (“whether reversal is required for an imperfect [Rule 402] admonishment depends on whether real justice has been denied or whether the defendant has been prejudiced by the inadequate admonishment”). Although 
Davis 
expresses this principle in the context of Rule 402, which sets forth the admonishments that a defendant is to receive before a guilty plea is accepted, the principle is phrased in general terms, and would appear to apply equally to Rule 605(a). See 
Williams
, 344 Ill. App. 3d at 338-39. Under the rule articulated in 
Davis
, the question before us in the case at bar would also be answered in the negative: where a defendant receives incomplete Rule 605(a) admonishments regarding postsentencing motions, no remand is required unless the defendant is prejudiced or denied real justice as a result of the inadequate admonishments.

Notwithstanding the foregoing, defendant here argues that, absent strict compliance with Rule 605(a), the cause must automatically be remanded for proper admonishments, regardless of whether prejudice is shown. Defendant thus argues in favor of a bright-line rule that strict compliance with Rule 605(a) is mandatory, and anything less than strict compliance with the admonishments regarding postsentencing motions requires a remand for proper admonishments and an opportunity to file a motion to reconsider sentence.

In support of this position, defendant advances two main contentions. First, he attempts to draw an analogy between Rule 605(a), on the one hand, and the remaining subsections of Rule 605, on the other. Defendant argues that “this Court has previously held that trial courts must strictly comply with the other subsections of Rule 605,” and it is therefore “axiomatic that there must also be strict compliance with subsection (a) [of Rule 605].” In his second contention, defendant relies upon recent decisions of our appellate court where the cause was remanded for proper Rule 605(a) admonishments and an opportunity to file a motion to reconsider sentence. In defendant’s view, these cases stand for the proposition that strict compliance with Rule 605(a) is required. We address each of defendant’s contentions in turn.

In support of defendant’s first contention–that because strict compliance is required for other subsections of Rule 605, it is also required for subsection (a)–defendant directs our attention to 
People v. Bagnell
, 348 Ill. App. 3d 322 (2004). The admonishments given to the defendant in 
Bagnell 
did not strictly comply with Rule 605(a). Specifically, the trial court “failed to advise the defendant of the need to raise sentencing issues in a timely motion to reconsider sentence in order to preserve these issues for appeal.” 
Bagnell
, 348 Ill. App. 3d at 326. The defendant argued on appeal, similarly to defendant in the case at bar, that his cause should be remanded for proper Rule 605(a) admonishments. The appellate court in 
Bagnell 
agreed with the defendant. In reaching that conclusion, the appellate court compared the admonishments under Rule 605(a) (for defendants found guilty following a trial) with the admonishments under Rules 605(b) and (c) (for defendants who pleaded guilty). The court noted that “Illinois courts have required strict compliance with the admonishments in Rules 605(b) and (c), and remandment when the trial court has failed to properly give those admonishments.” 
Bagnell
, 348 Ill. App. 3d at 326. The court in 
Bagnell 
concluded that the same strict compliance requirements should apply to Rule 605(a). The court acknowledged that, unlike Rules 605(b) and (c), the portions of Rule 605(a) dealing with postsentencing motions “do not concern perfection of a defendant’s appeal.” 
Bagnell
, 348 Ill. App. 3d at 326. Instead, the Rule 605(a) provisions “concern preservation of the defendant’s sentencing issues for appeal.” 
Bagnell
, 348 Ill. App. 3d at 326. Nevertheless, the court in 
Bagnell
 concluded that there was little difference between the consequences of inadequate admonishments under Rule 605(a), and the consequences of inadequate admonishments under Rules 605(b) and (c). 
Bagnell 
explained:

“If a defendant who has pled guilty fails to follow the admonishments of Rule 605(b) or (c), that defendant cannot raise issues on appeal because he has not perfected his appeal. Similarly, if a defendant who has pled not guilty fails to follow the admonishments of Rules 605(a)(3)(B), (a)(3)(C), and (a)(3)(D) [the provisions dealing with preservation of sentencing issues for appeal], such a defendant cannot raise sentencing issues because the defendant has waived those issues on appeal.” 
Bagnell
, 348 Ill. App. 3d at 327.

The court in 
Bagnell 
held that “the strict compliance required for Rules 605(b) and (c) admonishments also is required for Rule 605(a) admonishments” and “the remedy for failure to give the proper Rule 605(a) admonishments is the same remedy as for failure to give proper Rule 605(b) or (c) admonishments–that is, remandment for proper admonishments.” 
Bagnell
, 348 Ill. App. 3d at 327.

The same result as in 
Bagnell 
was reached in 
People v. Glenn
, 345 Ill. App. 3d 974, 984 (2004), another decision cited by defendant. In 
Glenn
, the court held that, because “[s]trict compliance with Rule 605(b) is required and remand is not discretionary,” Rule 605(a) also requires strict compliance. The 
Glenn 
court concluded that “the remedy for failing to comply with the rule is to remand the matter so that the defendant may receive the proper admonishments and be given an opportunity to file a motion to reconsider sentence.” 
Glenn
, 345 Ill. App. 3d at 984.

The reasoning in 
Bagnell 
and 
Glenn 
regarding the analogy between Rule 605(a) and the other subsections of Rule 605 has been rejected by this court’s recent decision in 
People v. Breedlove
, 213 Ill. 2d 509 (2004). In 
Breedlove
, the defendant was admonished under the preamended version of Rule 605(a), which, as noted, contained no admonishments regarding the preservation of sentencing errors for appeal. See 188 Ill. 2d R. 605(a). In arguing that his cause should be remanded for proper admonishments, the defendant in 
Breedlove 
analogized his situation with that of guilty plea defendants who were incorrectly admonished under a preamended version of Rule 605(
b
). These Rule 605(b) defendants were misinformed as to what postplea motion they should file in order to perfect their appeals. Because such defendants were at risk of losing their appeal rights completely, fundamental fairness required that, where the wrong postplea motion was filed and the defendant lost his right to appeal, the appellate court was prohibited from dismissing the defendant’s appeal, and the defendant’s cause was to be remanded for proper admonishments. 
Breedlove
, 213 Ill. 2d at 520-21. The defendant in 
Breedlove 
argued that the same relief–remand for proper admonishments–should be available in the preamended Rule 605(
a
) context as well.

Breedlove 
rejected the defendant’s analogy. The court noted that guilty plea defendants who were misinformed under preamended Rule 605(b) faced more severe consequences than did defendants who were admonished under preamended Rule 605(a). A Rule 605(b) defendant who failed to file the proper postplea motion lost his appeal rights completely, and the appellate court was required to dismiss his appeal. 
Breedlove
, 213 Ill. 2d at 520-21. By contrast, a Rule 605(a) defendant who failed to file a motion to reconsider sentence lost only his right to appeal 
sentencing 
issues. He retained the right to appeal any trial errors (assuming he filed the necessary posttrial motion). 
Breedlove
, 213 Ill. 2d at 520-22. The 
Breedlove 
court explained:

“[D]efendant here and others like him have not suffered the kind of detriment that guilty plea defendants suffered under preamended Rule 605(b). They do not lose their appeal rights. Their sentences may still be reviewed for plain error.” 
Breedlove
, 213 Ill. 2d at 521-22.

The court in 
Breedlove 
concluded that fundamental fairness did not entitle the defendant to a remand for admonishments under amended Rule 605(a).

We acknowledge that, in contrast to the situation in 
Breedlove
, defendant here and the defendants in 
Bagnell 
and 
Glenn
 were admonished under 
amended 
Rule 605(a), which 
did 
include admonishments regarding the preservation of sentencing errors for review. Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a), eff. October 1, 2001. Moreover, 
Bagnell 
and 
Glenn 
analogized 
amended 
Rule 605(a) to 
amended 
Rule 605(b) (see 188 Ill. 2d Rs. 605(b), (c)), which, unlike 
pre
amended Rule 605(b), provided 
correct
 information as to the proper postplea motion to be filed. However, it is not significant, for purposes of our analysis, that 
Bagnell 
and 
Glenn
 dealt with the amended versions of the relevant rules and 
Breedlove 
dealt with the 
pre
amended versions. 
Breedlove
’s rejection of the analogy between Rule 605(a) and Rule 605(b) applies equally, regardless of whether it is the preamended or the amended versions of the rules that are under consideration.

Defendant’s reliance here on 
Bagnell 
and 
Glenn 
is misplaced. Pursuant to the reasoning in 
Breedlove
, we reject defendant’s argument that, because strict compliance and remand are required in the Rule 605(b) context, it is “axiomatic” that these same requirements should apply to Rule 605(a).

Defendant’s next argument relies upon recent decisions of our appellate court in which the cause was remanded for proper Rule 605(a) admonishments and an opportunity to file a motion to reconsider sentence. In defendant’s view, these cases stand for the proposition that strict compliance with Rule 605(a) is required.

In 
People v. Mazar
, 333 Ill. App. 3d 244 (2002), as in 
Breedlove
, the defendant was admonished under preamended Rule 605(a), which provided no admonishments regarding the preservation of sentencing errors for review. On appeal, the defendant argued that, while he was correctly advised by the trial court that he needed to file a notice of appeal, “he was not advised of the need to file a motion attacking his sentence to preserve any sentencing challenges for appeal.” 
Mazar
, 333 Ill. App. 3d at 254. The defendant contended that the admonishments he received violated due process, and he asked that his cause be remanded to allow him to file a motion to reconsider sentence. The appellate court held that, under preamended Rule 605(a), the trial court had no duty to advise the defendant of the need to file a postsentencing motion. However, the court noted the subsequent amendment of Rule 605(a) to include such admonishments (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a), eff. October 1, 2001), and held that fundamental fairness required a remand for admonishment under the amended rule. In reaching this conclusion, 
Mazar 
observed that, in the Rule 605(
b
) context, fundamental fairness required a remand for proper admonishments where a defendant received incorrect advice under the preamended version of the rule. 
Mazar
, 333 Ill. App. 3d at 259. The court in 
Mazar
 compared the situations with regard to the preamended versions of Rule 605(b), on the one hand, and Rule 605(a), on the other, and concluded that the “general equitable principles” were the same. 
Mazar
, 333 Ill. App. 3d at 259. Consequently, 
Mazar 
held that, because remand for proper admonishments was required in the preamended Rule 605(b) context, the same relief should be granted to defendants who received inadequate admonishments under preamended Rule 605(a).

Mazar 
has been overruled by 
Breedlove
. As previously indicated, 
Breedlove 
held that the situation with regard to preamended Rule 605(a) was 
not 
analogous to that of preamended Rule 605(b), and that fundamental fairness therefore did not entitle the defendant in 
Breedlove 
to a remand for proper admonishments under amended Rule 605(a). 
Breedlove 
dealt with the same issue that was presented in 
Mazar
, but came to the opposite conclusion. Defendant’s reliance on 
Mazar 
is misplaced.

Defendant also points to 
People v. Taylor
, 345 Ill. App. 3d 1064 (2004), and 
People v. Parker
, 344 Ill. App. 3d 728 (2003), where the defendants were admonished, as was defendant in the case at bar, under the 
amended
 version of Rule 605(a). In 
Taylor
, the defendant argued on appeal that he was given inadequate Rule 605(a) admonishments, and his cause should be remanded for proper admonishments and an opportunity to file a postsentencing motion. According to the appellate court in 
Taylor
, the trial court properly admonished the defendant that he had a right to appeal, but failed to admonish him that (1) in order to challenge his sentence or any aspect of his sentencing hearing, the defendant was required to file in the trial court a motion to reconsider sentence, and (2) the filing of such a postsentencing motion was necessary in order to preserve any sentencing issues for appellate review. The appellate court held that the defendant’s cause should be remanded for proper Rule 605(a) admonishments and an opportunity to file a motion to reconsider sentence. 
Taylor
, 345 Ill. App. 3d at 1083.

Taylor 
is inapposite to the case at bar for several reasons. First, 
Taylor 
makes no mention of the rule articulated in 
Davis 
that remand is required only where the defendant is prejudiced or denied real justice as a result of the inadequate admonishments. Second, unlike defendant in the case at bar, the defendant in 
Taylor
 raised a sentencing issue on appeal. More importantly, in 
Taylor
, the State 
conceded 
that the cause should be remanded. 
Taylor
, 345 Ill. App. 3d at 1082-83. Defendant’s reliance on 
Taylor 
is unavailing.

In 
People v. Parker
, 344 Ill. App. 3d 728 (2003), the defendant argued on appeal, similarly to the defendant in 
Taylor
, that he received improper Rule 605(a) admonishments regarding postsentencing motions. As did the court in 
Taylor
, the court in 
Parker 
remanded the cause for proper admonishments and an opportunity to file a motion to reconsider sentence. 
Parker 
is inapposite to the case at bar. In 
Parker
, as in 
Taylor
, no mention was made of the rule set forth in 
Davis 
that remand is appropriate only where there has been prejudice or a denial of real justice. 
Parker 
also is unpersuasive. There is virtually no analysis on the issue of remand for proper Rule 605(a) admonishments. Defendant’s reliance on 
Parker 
is misplaced.

In sum, we hold that the principle articulated in 
Davis
, 
i.e.
, a trial court’s failure to give proper admonishments does not necessarily require reversal in every instance, applies to the case at bar. We therefore conclude, contrary to defendant’s contention, that where a defendant is given incomplete Rule 605(a) admonishments regarding the preservation of sentencing issues for appeal, remand is required only where there has been prejudice or a denial of real justice as a result of the inadequate admonishment. See 
Davis
, 145 Ill. 2d at 250; 
cf
. 
Breedlove
, 213 Ill. 2d at 522 (noting that “[t]he purpose of Rule 605(a) is to inform defendants who have been convicted and sentenced after trial as to what they must do to 
perfect an appeal
. It was never intended to advise defendants of every step necessary 
to preserve claimed errors for review
” (emphases added)).

Prejudice or a Denial of Real Justice

We turn now to the question of whether, in the case at bar, defendant suffered prejudice or a denial of real justice as a result of the incomplete admonishments that he received. The State contends that no prejudice has been shown. The State notes that defendant failed to file a written motion to reconsider sentence in the trial court, despite being admonished by the trial court regarding the need to file such a motion. The State also notes that defendant raised no sentencing issues on appeal. According to the State, because defendant points to no specific sentencing issues that he was precluded from raising because of improper admonishments, defendant “was not prejudiced or denied real justice by the trial court’s admonishments.”

Defendant argues, on the contrary, that he was prejudiced by the trial court’s incomplete admonishments, particularly the trial court’s failure to advise him that he could challenge 
any aspect 
of his sentencing in a motion to reconsider sentence and that any issues not included in such a motion would be waived for purposes of review. Defendant acknowledges that he did not raise any sentencing issues on appeal, but he contends that this does not mean he suffered no prejudice. Rather, defendant argues that his failure to challenge his sentence on appeal is evidence that he was prejudiced.

Defendant asserts that, on appeal, only issues of record may be raised. In defendant’s view, had the trial court informed him that he could challenge 
any aspect 
of his sentencing in a postsentencing motion, he might have raised (in that motion) sentencing issues that were 
dehors 
the record, and defendant thereby would have made these issues potentially appealable by placing them on the record. However, lacking the information that any such issues could be–and, indeed, should have been–included in the motion to reconsider sentence, defendant did not include them, and consequently he lost his right to raise them on appeal. According to defendant, the loss of this right demonstrates that he was prejudiced by the circuit court’s incomplete admonishments.

There are two difficulties with defendant’s argument. First, in his briefs to this court and in oral argument, defendant offers only hypothetical examples of sentencing issues 
dehors 
the record that might have been raised if he had been properly admonished. Defendant presents no examples of actual sentencing issues that he was precluded from raising because of inadequate admonishments. Moreover, even if defendant had directed our attention to any such actual issues, we are aware of nothing that would have precluded him from raising them on appeal below. If defendant had included such issues in his appeal, for example, and if the State had challenged the raising on appeal of issues 
dehors 
the record, defendant could have answered that he was precluded from placing these issues on the record (in a motion to reconsider sentence) by the trial court’s inadequate Rule 605(a) admonishments. That, after all, was defendant’s main argument on appeal below: that the circuit court gave him inadequate admonishments regarding the preservation of sentencing issues for appeal. If defendant 
had 
presented actual sentencing challenges in his appeal, the appellate court would at least have been alerted to the existence of these issues. The court then could have taken whatever actions it deemed appropriate, including hearing the challenges itself or remanding them to the trial court. As it is, neither the appellate court nor this court was informed of any actual sentencing issues.

In considering the question of whether defendant in the case at bar was prejudiced or denied real justice, we find the reasoning in 
People v. Williams
, 344 Ill. App. 3d 334 (2003), instructive. The defendant in 
Williams 
was given inadequate Rule 605(a) admonishments by the trial court. Specifically, the trial court failed to advise the defendant “that he must file a motion to reconsider his sentence in the trial court to preserve any sentencing issues for appellate review.” 
Williams
, 344 Ill. App. 3d at 338. On appeal, the defendant argued that he was improperly admonished, and he asked that his cause be remanded for proper admonishments pursuant to Rule 605(a). As in the case at bar, the defendant in 
Williams 
did not challenge his sentence on appeal. The appellate court, citing 
Davis
, concluded that the defendant was neither prejudiced nor denied real justice as a result of the inadequate admonishments. 
Williams
, 344 Ill. App. 3d at 338-39. Accordingly, the appellate court held that remand was unnecessary. The court stated: “Defendant has not been denied real justice by the lack of the trial court’s admonishment regarding the steps necessary to challenge his sentence on appeal for the simple reason that the defendant did not challenge his sentence in this appeal.” 
Williams
, 344 Ill. App. 3d at 338. The court added:

“Likewise, we find that defendant was not prejudiced by the trial court’s failure to properly admonish defendant of the steps necessary to challenge his sentence on appeal. Since defendant raised no challenge to his sentence in this appeal, his ability to raise a sentencing issue on appeal was not compromised or limited by the actions of the trial court. Thus, defendant suffered no prejudice from the lack of proper admonishment. To require remand in the instant matter, so defendant could hear the steps necessary to challenge an issue [which] he has no basis to challenge, would elevate form over substance without serving the ends of real justice. For this exercise in futility, we see no need.” 
Williams
, 344 Ill. App. 3d at 339.

We conclude that, as in 
Williams
, defendant in the case at bar was neither prejudiced nor denied real justice as a result of the incomplete admonishments he received. Accordingly, “[t]o require remand in the instant matter *** would elevate form over substance without serving the ends of real justice.” 
Williams
, 344 Ill. App. 3d at 339; see also 
People v. Garner
, 347 Ill. App. 3d 578, 586 (2004) (holding that remand was unnecessary where defendant failed to raise on appeal any specific sentencing issues “that he was precluded from raising as a result of the trial court’s incomplete admonishments”; defendant was neither prejudiced nor denied real justice); 
People v. Spivey
, 351 Ill. App. 3d 763, 771 (2004) (rejecting request for remand where defendant failed to raise on appeal any specific sentencing issues that he was precluded from raising as a result of inadequate admonishments; defendant failed to establish prejudice or a denial of real justice); 
cf
. 
People v. Polk
, 349 Ill. App. 3d 760, 766 (2004) (
remanding
 for proper Rule 605(a) admonishments where defendant 
did 
raise specific sentencing issues on appeal “that he was unable to raise due to the trial court’s incomplete admonishments”; court could not say that defendant suffered neither prejudice nor a denial of real justice).

CONCLUSION

We hold that, where a defendant has received incomplete Rule 605(a) admonishments regarding the steps necessary to preserve sentencing issues for appeal, remand is required only if the defendant was prejudiced or denied real justice as a result of the trial court’s inadequate admonishments. In the case at bar, where no sentencing issues were raised on appeal, defendant was neither prejudiced nor denied real justice. Accordingly, there is no need for a remand. We affirm the judgment of the appellate court.

Affirmed
.

JUSTICE KILBRIDE, dissenting:

The issue in this case involves the interpretation of Supreme Court Rule 605(a). The majority, however, does not consider the plain language of that rule in holding strict compliance is not necessary. Although the majority’s analysis is supported by application of this court’s holding in 
Davis
, I believe the better approach is to follow the plain language of Rule 605(a). In my view, the plain language of the rule mandates strict compliance, and the remedy for failure to comply should be a remand to the trial court for proper admonishments. Accordingly, I respectfully dissent.

The rules of statutory construction apply to interpretation of our supreme court rules. 
In re Estate of Rennick
, 181 Ill. 2d 395, 404 (1998). The fundamental rule of statutory construction is to determine and give effect to the intent of the drafters of the rule. 
People v. Ramirez
, 214 Ill. 2d 176, 179 (2005). The best evidence of intent is the plain language used by the drafter. 
King v. First Capital Financial Services Corp.
, 215 Ill. 2d 1, 26 (2005). If the drafter’s intent can be determined from the plain language, this court must give that intent effect without resorting to other interpretive aids. 
People v. Roberts
, 214 Ill. 2d 106, 116 (2005).

The plain language of Supreme Court Rule 605(a) is clear. The rule states the trial court “shall” advise defendants who are found guilty following a trial of certain appeal rights and requirements. Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a), eff. October 1, 2001. The term “shall” indicates an intent to impose a mandatory obligation. See 
Ramirez
, 214 Ill. 2d at 182; 
People v. Jamison
, 181 Ill. 2d 24, 29 (1998) (interpreting Supreme Court Rule 605(b) to require strict compliance). Thus, under the plain language of Rule 605(a), the trial court is required to give these admonitions in all cases where the defendant is found guilty following a trial. Strict compliance should be required in accordance with the plain language of Rule 605(a).

Such a conclusion is further supported by this court’s familiar maxim that “[t]he rules of court we have promulgated are not aspirational. They are not suggestions. They have the force of law, and the presumption must be that they will be obeyed and enforced as written.” 
Bright v. Dicke
, 166 Ill. 2d 204, 210 (1995). Thus, strict compliance with the rules of this court is generally required. 
Village of Lake Villa v. Stokovich
, 211 Ill. 2d 106, 116 (2004).

Further, requiring strict compliance with Rule 605(a) would have the benefit of easy application. Given such an interpretation, the failure to comply strictly with the rule would result in a remand to the trial court for proper admonishments. The defendant would then be allowed to seek reconsideration of the sentence and assert any challenge to the sentencing hearing in the trial court as contemplated by Rule 605(a). The defendant’s right to appeal an unfavorable ruling on the motion would be preserved by complying with the Rule 605(a) admonitions concerning filing a notice of appeal. Such an interpretation of Rule 605(a) would simplify matters and eliminate unnecessary litigation on appeal concerning whether a defendant was prejudiced or denied real justice due to inadequate admonishments.

In sum, the plain language of Rule 605(a) requires strict compliance. Accordingly, I would find this cause should be remanded to the trial court for proper admonishments and to allow defendant an opportunity to seek reconsideration of his sentence in the trial court. For these reasons, I respectfully dissent.