NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (4th) 241097-U

NO. 4-24-1097

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 15, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| CHRISTOPHER JAMES SHEA, | ) | No. 23CF726 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Paul P. Gilfillan, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice Steigmann and Justice Doherty concurred in the judgment.

**ORDER**

¶ 1   *Held*: The circuit court's incorrect admonition to defendant that by immediately filing a notice of appeal, he would waive his right to challenge the sentence caused him no prejudice and, hence, is not grounds for remand.

¶ 2   At the conclusion of a bench trial, the Peoria County circuit court found defendant, Christopher James Shea, guilty of failure to report a motor vehicle accident that had resulted in a personal injury to Zachery England. See 625 ILCS 5/11-401(b) (West 2022). For that offense, the court sentenced defendant to imprisonment for 12 years. Defendant appeals because, in its postsentencing admonitions, the court advised him—incorrectly, he contends— that by immediately filing a notice of appeal, he would give up his right to challenge the sentence. That admonition was, we agree, incorrect. Because we conclude, however, that defendant suffered no prejudice from the error, we affirm the court's judgment.

¶ 3                     I. BACKGROUND

¶ 4    On August 16, 2024, after pronouncing the sentence of 12 years' imprisonment, the circuit court at first gave defendant the admonitions required by Illinois Supreme Court Rule 605(a)(3) (eff. Apr. 15, 2024), including the following:

> "If you want to appeal the sentence or any aspect of today's sentencing case, you must before you appeal the case first file within 30 days of today a written motion asking the court to reconsider the sentence. That motion should be in writing and state with particularity why any relief should be granted. Any claim left out would be waived."

See Ill. S. Ct. R. 605(a)(3)(B), (C) (eff. Apr. 15, 2024).

¶ 5    After the Rule 605(a)(3) admonitions, defense counsel told the circuit court that defendant did not want to challenge the sentence and that defendant wished to have a notice of appeal filed immediately. The court asked defendant if what defense counsel said was true: that defendant was "giving up [his] right to challenge the 12-year sentence" and "just want[ed] to challenge the finding of guilt at the trial." Defendant confirmed that defense counsel was correct in that regard. The court asked defendant if anyone had forced him to do this and if he wanted to take 30 days to make up his mind. Defendant answered no to both questions. Finding that defendant had "willingly given up the right to challenge the sentence," the court ordered the filing of a notice of appeal.

¶ 6                                    II. ANALYSIS

¶ 7    Defendant argues that under Illinois Supreme Court Rule 606(b) (eff. Apr. 15, 2024), it was untrue that by immediately filing a notice of appeal, he gave up his right to challenge the sentence. To be sure, to challenge the sentence on appeal, he had to file in the circuit court, within 30 days after sentencing, a motion attacking the sentence. See Ill. S. Ct. R.

605(a)(3)(B) (eff. Apr. 15, 2024). Immediately filing a notice of appeal, however, would not have precluded defendant from filing a postsentencing motion in the circuit court within that 30-day period. If, after filing a notice of appeal, he had filed a timely postsentencing motion, the notice of appeal would have been stricken, and the circuit court would have ruled on the postsentencing motion, clearing the way for defendant to file a new notice of appeal and to challenge the sentence on appeal, if he wished. See Ill. S. Ct. R. 606(b) (eff. Apr. 15, 2024).

¶ 8    In our *de novo* interpretation of Rules 605(a)(3)(B) and 606(b) (see *Robidoux v. Oliphant*, 201 Ill. 2d 324, 332 (2002)), we conclude that defendant has a point in this regard. Contrary to the circuit court's admonition or advice to defendant, the immediate filing of a notice of appeal would not have resulted in a waiver of his right to challenge the sentence. Rather, defendant would lose that right only by allowing the 30 days to expire without filing a postsentencing motion. No Rubicon was crossed merely by filing the notice of appeal right away. On further consideration, before the 30 days expired, defendant could have changed course.

¶ 9    The State argues that even if the circuit court erred by advising defendant he had "willingly given up the right to challenge the sentence," he suffered no prejudice from the error, given defense counsel's announcement that defendant did not wish to challenge the sentence. Under *People v. Henderson*, 217 Ill. 2d 449, 466 (2005), the State points out, prejudice from an incorrect admonition is a prerequisite to ordering a remand. As the supreme court put it in *Henderson*, "a trial court's failure to give proper admonishments does not necessarily require reversal in every instance," but, rather, "remand is required only where there has been prejudice or a denial of real justice as a result of the inadequate admonishment." *Id.*

¶ 10    Given defense counsel's unequivocal statement that defendant did not wish to challenge the sentence, and given defendant's confirmation of that statement, the record negates

prejudice. The circuit court's incorrect advice that by immediately filing a notice of appeal, defendant would give up his right to challenge the sentence caused defendant no harm if he had resolved not to challenge the sentence, anyway.

¶ 11        Granted, it is theoretically possible that, during the 30 days after receiving that advice, defendant had second thoughts about not challenging the sentence. That he had such second thoughts, however, would be nothing but conjecture, and we are limited to what we can ascertain from the record. See *Webster v. Hartman*, 195 Ill. 2d 426, 435-36 (2001) ("A court of review is limited to the record before it" and "will not reverse a trial court's decision on the basis of speculation and conjecture."). As far as we know from the record, defendant had no interest in challenging the sentence of 12 years' imprisonment. Procedural misguidance regarding a challenge he did not want to make would appear harmless. See *Henderson*, 217 Ill. 2d at 466.

¶ 12                              III. CONCLUSION

¶ 13        For the reasons stated, we affirm the circuit court's judgment.

¶ 14        Affirmed.